STATE of Maine

v.

Thomas BUTTS.

Supreme Judicial Court of Maine.

May 3, 1977.

Henry N. Berry, III, Dist. Atty., Jody Sataloff, Law Student Intern, Portland, for plaintiff.

Gary C. Wood, Portland, for defendant.

Before DUFRESNE, C. J., and WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

WERNICK, Justice.

On March 9, 1976 a jury found defendant Thomas Butts guilty of violating 22 M.R. S.A. § 2384 ("Possession of Cannabis with Intent to Sell.") Defendant has appealed from the judgment of conviction entered on the verdict. Defendant's claims on appeal are: (1) the admission of prejudicial testimony required a mistrial and (2) he was inadequately represented by trial counsel.

We deny the appeal.

## I.

■ Defendant maintains that the following testimony by a police witness concerning the arrest of defendant necessitated a mistrial:

"Q. And did . . . [defendant] keep going then?

"A. Yes, he came outside because I was back quite a few feet at this time and I had pulled my gun out because *I was told that he had a shotgun and he was suppose[d] to kill any police officer—*
[Answer stricken by presiding Justice after defense objection, and jury instructed to disregard it]

"Q. What did you do next?

"A. I had my gun out because *I thought they were armed* and he—Mr. Butts ran to my right . . . ." (emphasis supplied)

In addition to the above noted remedial instruction by the presiding Justice the Justice's charge to the jury again admonished the jury to disregard the "excluded matter."

We conclude, as the State concedes, that under Rule 403, Maine Rules of Evidence [1] the statements of the witness were inadmissible as being more prejudicial than probative. We find no error, however, in the refusal of the presiding Justice to grant a mistrial.

■ Usually, the decision of the presiding Justice as to whether a curative instruc-

tion will suffice is final since he is in a better position than the reviewing court to gauge the impact of misconduct. *St. Pierre v. Houde,* Me., 269 A.2d 538, 540 (1970). On the basis of the present record we find neither the exceptional circumstances nor the prosecutorial bad faith necessary to declare insufficient the Justice's resort to curative instructions. *State v. Heald,* Me., 292 A.2d 200 (1972).

Beyond his complaint of irreparable prejudice necessitating mistrial, defendant demands institution of a *per se* rule calling for mistrial whenever, regardless of the circumstances, a police officer who is testifying as a witness for the State in a criminal prosecution injects inflammatory material.

We have recently indicated our general reluctance to adopt the harsh, overbroad solution of *per se* evidence rules. See: *Blais v. Davis,* Me., 358 A.2d 552, 555–556 (1976); *State v. Gagne,* Me., 362 A.2d 166, 170–171 (1976). As to the specific rule we are here urged to adopt, we discern no reason to depart from our general view.

Purportedly applicable to *every* instance of inadmissible police testimony regardless of degree or bad faith, defendant's proposed rule would occasion a new trial in many of the situations in which, as here, no prejudice occurred. The long-established approval of the efficacy of the curative instruction device, *State v. Heald,* supra, is recognition that in most instances prejudice can be avoided without need for a mistrial when inadmissible evidence comes to the attention of the jury. Given the frequency with which inadvertent, inadmissible testimony reaches juries, a *per se* rule such as defendant advocates would unnecessarily exacerbate crowded dockets and increase the financial burdens of taxpayers and litigants.

■ Especially disturbing is defendant's focus on police officers as a source of improper testimony. We are not persuaded by his assertion that jurors tend to accord more weight to the statements of police

---

1. Defendant's trial was governed by the Maine Rules of Evidence which became effective February 2, 1976.

witnesses. We have no experiential proof of such predisposition as a fact, and we may not assume it *a priori* since such assumption would deny "the fact-finder's duty to determine the individual credibility of each witness." *State v. Gribbin,* Me., 360 A.2d 517, 518 (1976). Moreover, defendant evidently assumes, totally without support, that all policemen know when evidence is inadmissible and tend deliberately to inject improper testimony to secure convictions. We can only conclude that by pressing for adoption of a prophylactic rule, defendant would have us impute to all law enforcement officers who give inadmissible testimony the culpability of the few who may do so purposefully. This we refuse to do.

## II.

Defendant also urges that his representation by court-appointed counsel at trial was inadequate. We have repeatedly made clear that we will not consider this issue on direct appeal unless

> "the appeal record, within its own confines, establishes beyond possibility of rational disagreement the existence of representational deficiencies by counsel which are plainly beyond rational explanation or justification . . . ." *State v. LeBlanc,* Me., 290 A.2d 193, 202 (1972)

See also: *State v. Pullen,* Me., 266 A.2d 222 (1970); *State v. Call,* Me., 322 A.2d 64 (1974). Cf. *State v. Parker,* Me., 372 A.2d 570 (1977).

The instant appeal record makes no such showing.

The entry is:

*Appeal denied.*

POMEROY, J., did not sit.