STATE of Maine

v.

Edward CAMPBELL.

Supreme Judicial Court of Maine.

Argued Nov. 7, 1980.

Decided Dec. 24, 1980.

David M. Cox, Dist. Atty., Gary F. Thorne (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Nixon & Corson, David J. Corson (orally), Robert Walker, Yarmouth, for defendant.

Before McKUSICK, C. J., and WERNICK, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

WERNICK, Justice.

On March 18, 1977, after a jury trial in the Superior Court (Penobscot County), the defendant Edward Campbell was found guilty of Burglary, 17–A M.R.S.A. § 401 (Class A) and Theft, 17–A M.R.S.A. § 353 (Class B). He served a jail sentence of nine months at the Penobscot County Jail and a short term of probation. Eight months after termination of his probation defendant, on March 12, 1979, filed a Motion for a new trial alleging newly discovered evidence. (Rule 33 M.R.Crim.P.) After a hearing, the Superior Court refused to grant defendant a new trial. From the judgment so adjudi-

cating, defendant has appealed to this Court. We affirm the judgment.

In 1976, defendant was an officer in the Freeport Police Department. Among his social acquaintances was Randy Arthers, an officer in the Old Town Police Department. During the summer of 1976, Arthers was arrested and charged with numerous burglaries and thefts. Eventually, having pleaded guilty, he was sentenced for forty-eight felonies.

In the course of questioning by State Police, Arthers implicated defendant in a break-in, and in the theft of an IBM typewriter, committed by Arthers in June, 1976 at the Old Town High School. Apparently on the basis of testimony by Arthers before the grand jury convened in Penobscot County, defendant was indicted, in January, 1977, for the crimes of Burglary and Theft under consideration in this appeal.

At defendant's trial, Arthers repeated his story of the break-in at the Old Town High School and further testified that he had given the stolen IBM to defendant, who subsequently lent it to Mrs. Evelyn Jochum, the former wife of a Freeport Police officer friendly to defendant. In her testimony Mrs. Jochum corroborated that defendant had lent her an IBM typewriter in June, 1976, and she added that he took it back from her after Arthers had been arrested on the burglary charges. The IBM typewriter stolen from Old Town High School has never been recovered.

Defendant took the witness stand in his own behalf and testified that at no time had he been at the Old Town High School with Randy Arthers, that Arthers had given him a typewriter owned by Arthers himself which was not an IBM but an Olivetti, and that he (defendant) had never taken back this Olivetti typewriter from Evelyn Jochum.

During the period of defendant's incarceration at the Penobscot County jail, Arthers was transferred there from Thomaston. At some point while they were both at the jail, Arthers wrote defendant a letter in which, recanting his trial testimony, he stated that he had falsely implicated de-

fendant in response to police pressure and that he had given defendant his own Olivetti typewriter, not the IBM typewriter stolen from the Old Town High School.

Defendant produced this letter of recantation at the hearing on the motion for new trial. He also relied on two other new items of evidence: first, a statement given by Evelyn Jochum to Navy personnel investigating her former husband, in which she revealed a deep rooted hostility toward him and defendant at odds with her profession at defendant's trial that she bore them no ill-will; and, second, the testimony of William Reagan, who now owns the former Jochum residence, that he had found a typewriter secreted under a box in the front yard of the property, but that he had disposed of the typewriter and was unable to identify its brand or the style of its type (Olivetti keys or IBM selectric ball).

At the hearing on defendant's motion, Arthers testified that he had fabricated the recantation letter at defendant's request and that nothing in it was true except the statement as to the correct date the break-in occurred. He reiterated the truth of all of his testimony at defendant's trial, with the single qualification that he had wrongly stated the date of the break-in.

### 1.

■ We first address the issue whether it was open to the Superior Court to decide a motion for new trial made by a convicted defendant whose sentences had been totally executed. Nothing in Rule 33 M.R.Crim.P., suggests that the absence of present restraint or of some other continuing specific impediment affects the court's power to order a new trial on the basis of newly discovered evidence, so long as the motion is filed within the time limit prescribed by the Rule. Moreover, even though a convicted defendant may have served his full sentence, the stigma and civil disabilities, as well as the potential that the conviction may be a basis for an enhanced sentence in the event defendant is later convicted of another crime, give live status to, and preclude mootness in, his undertaking to be

granted a new trial. *See, e. g.*, 15 M.R.S.A. § 393; 17-A M.R.S.A. § 1156.

The Superior Court justice acted correctly in taking cognizance of, and deciding, the instant motion for new trial.

### 2.

The Superior Court justice (hereinafter "the hearing justice") based his decision denying defendant a new trial on his conclusion that defendant had failed to meet the ultimate burden of proof reposing on him as the moving party, in that he had failed to satisfy the justice that the allegedly newly discovered evidence would probably change the result should a new trial be ordered. *See State v. Lewis,* Me., 373 A.2d 603, 610, 611 (1977).

The defendant acknowledges that no single item of "new" evidence he adduced would, by itself, make probable a different result in a second trial. He maintains, however, that because of the cumulative impact of the Arthers' recantation letter, the Jochum statement and the Reagan testimony, the hearing justice must be held to have been clearly wrong in his conclusion that the evidence did not sufficiently show the probability of a different verdict.

We disagree and sustain the hearing justice's determination.

■ The justice believed Arthers' testimony that his recantation letter was written merely to comply with defendant's wishes and that, except for the statement correcting the date of the break-in at the Old Town High School, its content was false. Thus found unworthy of belief, the recantation letter plainly has no weight in the assessment of the probability of a different verdict.

William Reagan's testimony was properly deemed by the hearing justice to have only the most minimal impact because, even though the house had been previously owned by the Jochums, Reagan could not otherwise sufficiently identify the typewriter to relate it to the typewriter stolen from the Old Town High School.

Addressing Mrs. Jochum's subsequent statement to Navy personnel, the hearing justice noted that Mrs. Jochum was cross-examined at defendant's trial about her feelings toward defendant and her former husband and, further, that her substantive testimony about the typewriter, incriminatory of the defendant, was disputed by the trial testimony of others. On this basis, the hearing justice found, and we cannot say the finding is clearly erroneous, that Mrs. Jochum's later statement, merely impeaching in nature, would add little toward making probable a different verdict.

Evaluated individually, then, each of the major items of new evidence relied on by defendant is qualitatively so weak that in the aggregate their combined weight remains too trivial to make probable a different verdict were a new trial to be granted. We therefore uphold the hearing justice in his determination that this new evidence did not warrant a new trial.

### 3.

We dispose more summarily of other contentions made by defendant in support of his claim to be given a new trial.

 Defendant produced conflicting depositions by Arthers, made before defendant's trial. These depositions were discoverable before trial through the exercise of due diligence and therefore cannot constitute newly discovered evidence to support a Rule 33 motion for a new trial. *State v. McDonough*, Me., 350 A.2d 556, 560 (1976).

Defendant also says that the prosecutor at trial knowingly allowed two factual errors to be heard by the jury: first, that Arthers testified the date of the break-in was July 12 when both Arthers and the prosecutor knew it was July 19; and second, that Arthers testified he had pleaded guilty to the burglary at the Old Town High School though in fact he had not. Defendant's contention is that because of these misstatements he was deprived of a fair trial and, therefore, his Rule 33 motion for a new trial should have been granted.

The hearing justice found that the discrepancy in dates had been credibly explained by Arthers and that the defense could have limited the State to proof of a date certain by moving for a bill of particulars. This being so, the break-in date could have been ascertained, and settled, before trial and, hence, any further evidence about it cannot be taken to be newly discovered.

Similarly, the defendant could have ascertained through discovery before trial whether Arthers' forty-eight guilty pleas included one that was to the Old Town High School burglary. In any event, it is of no consequence for present purposes whether Arthers had pleaded guilty to that burglary since at defendant's trial he testified about the details of his involvement in it with defendant.

The entry shall be:

Appeal denied; judgment affirmed.

All concurring.