**STATE of Maine**

v.

**Paul CLEMENTS.**

Supreme Judicial Court of Maine.

Argued June 17, 1981.

Decided July 1, 1981.

Henry N. Berry, III, Dist. Atty., John Kugler (orally), Asst. Dist. Atty., Portland, for plaintiff.

Cloutier & Woodman, James F. Cloutier (orally), Portland, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, ROBERTS and CARTER, JJ.

WERNICK, Justice.

Defendant Paul Clements has appealed from a judgment entered in the Superior Court (Cumberland County) convicting him of Burglary (17–A M.R.S.A. § 401), and of Theft (17–A M.R.S.A. § 353). The appeal makes the basic claim that it was error for the presiding justice to have denied defendant's motion for a new trial. Rule 37(a), (c) M.R.Crim.P.; Glassman, *Maine Practice*, § 33.5 (1967).

We deny the appeal and affirm the judgment of conviction.

On June 6, 1979, defendant forcibly entered the residence of Mr. and Mrs. Richard Paulsen on Park Street in Portland and stole some personal garments belonging to Mrs. Paulsen. Having waived jury trial, defendant was tried by the court and found guilty of burglary and theft. At his scheduled appearance for sentencing, on March 14, 1980, defendant was not then sentenced; he made several obscene remarks to the presiding justice that resulted in his being committed for contempt and confined for fifteen days in the Cumberland County Jail.

On March 18, 1980, appearing by new counsel, defendant moved for a pre-sentence mental evaluation, pursuant to 15 M.R.S.A. § 101; and, subsequently, he moved to continue judgment and sentencing.

On April 4, 1980, the court denied these motions and imposed sentence. On April 10, defendant filed a notice of appeal and moved for an enlargement of time to move for a new trial. The court granted the motion for enlargement of time.

On May 2, defendant moved for a new trial on the grounds that (1) he had not been competent to stand trial, and (2) his trial counsel had inadequately represented him. Defendant also filed a second motion, purportedly pursuant to 15 M.R.S.A. § 101, asking for mental examination and observation of the defendant "in the interests of justice." On May 30, after refusing to hear testimonial evidence proffered by the defendant, the court denied both motions.

In this appeal, defendant asks review of only the Superior Court's denial of his motion for a new trial.

The sole ground for a new trial we take to be open for our appellate cognizance is defendant's contention that "newly discovered evidence" warranted his being given a new trial. We so limit the scope of our review because Rule 33 M.R.Crim.P. provides, in pertinent part:

> "A motion for a new trial based on any ground other than newly discovered evidence shall be made within ten days after verdict or finding of guilty or within such further time as the court may fix *during the ten-day period.* A motion for a new trial based on the ground of newly discovered evidence may be made only before, or within two years after, final judgment." (emphasis added)

Here, the Superior Court found defendant guilty of burglary and theft on March 4, 1980. Not until April 10, 1980 did defend-

ant move the court for an enlargement of time to file a motion for a new trial. Although the court granted the motion for enlargement of time, the enlargement availed defendant nothing, since defendant's motion for enlargement was filed, and the court's order of enlargement was made, well after expiration of the prescribed period of ten days. Hence, the only viable motion before the Superior Court, as timely filed, was defendant's motion for a new trial on the ground of newly discovered evidence. *See State v. McDonough*, Me., 350 A.2d 556, 559 n.1 (1976).

*1.*

In support of the claim of newly discovered evidence defendant says that he was denied a fair trial by reason of ineffective representation by counsel.

We have consistently and repeatedly refused to review claims of ineffective assistance of counsel on *direct appeal*, except in cases where the appeal record shows beyond the possibility of rational disagreement that defendant was inadequately represented, leaving defendant to seek relief through post-conviction proceedings. *See, e. g., State v. Gilcott*, Me., 420 A.2d 1238 (1980); *State v. Butts*, Me., 372 A.2d 1041, 1043 (1977); *State v. Greaves*, Me., 281 A.2d 445, 445–46 (1971); *State v. Lund*, Me., 266 A.2d 869, 872 (1970); *State v. Pullen*, Me., 266 A.2d 222, 230–31 (1970).

The appeal record makes plain that, here, defendant's claim of ineffective representation by counsel does not fall within the exception that would allow review of it on direct appeal. This being so, can defendant nevertheless achieve a direct appellate review of his claim of ineffective assistance of counsel through the device of asserting it as a ground for a new trial and claiming on direct appeal that the presiding justice erred in refusing him a new trial?

■ We need not presently address the broad question whether, as a possible alternative to defendant's having a remedy through post-conviction proceedings, the authorization in Rule 33 for the grant of a new trial "if required in the interest of

justice" extends to the granting of a new trial where the presiding justice thinks that defendant's representation by counsel was inadequate. Since we have already decided that in the present circumstances the only ground for granting a new trial properly before the presiding justice was "newly discovered evidence", we confine our decision to a holding that ineffective assistance of counsel at trial cannot qualify as "newly discovered evidence"; it is not "evidence" at all that could be presented to a jury as having relevance to the innocence or guilt of defendant. *Cf. State v. Campbell*, Me., 423 A.2d 952, 954–55 (1980), cert. denied, —— U.S. ——, 101 S.Ct. 1993, 68 L.Ed.2d 308 (1981); *State v. McDonough, supra,* at 560; *State v. Sawyer*, Me., 314 A.2d 830, 833 (1974); *State v. Casale*, 148 Me. 312, 319–20, 92 A.2d 718, 722 (1952).

*2.*

An ancillary facet of defendant's contention on appeal relates to the refusal of the presiding justice to conduct a full evidentiary hearing at the time defendant moved for a new trial, for the purpose of determining whether defendant was competent during his trial. Defendant was prepared to have his former counsel testify that he had entertained doubts regarding defendant's competence at the time of trial.

We reject this contention.

■ We note, first, that were the testimony of defendant's former counsel to have been taken, it could have availed defendant nothing. Precisely because that testimony would have disclosed that counsel had doubts as to defendant's competence to stand trial, the evidence in that regard could not be "newly discovered." The existence of the doubts of counsel shows that defendant's competency to stand trial could have been ascertained in the exercise of due diligence before trial. *See State v. McDonough, supra; State v. Casale, supra.* In any event, the further conclusion to which defendant's contention leads is that defendant is simply recasting the very argument we have already repudiated. In essence, defendant is again urging that he was not

given effective assistance of counsel—the aspect of deficiency he now mentions being that counsel was inadequate in failing to request a mental examination of defendant before trial. Defendant's attempt to particularize one aspect of the more general claim of ineffective assistance of counsel already rejected by us does not alter the validity of the basic reason for that rejection, namely, that prior ineffective assistance of counsel, whatever its particular manifestation, cannot qualify as "evidence" so as to be legally capable of being "newly discovered evidence" justifying a new trial.

The entry must be:

Appeal denied; judgment of conviction affirmed.

All concurring.