STATE of Maine

v.

Edward CAMPBELL.

Supreme Judicial Court of Maine.

Argued May 14, 1982.

Decided July 16, 1982.

See also, Me., 423 A.2d 952.

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

Nixon & Corson, David J. Corson (orally), Yarmouth, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

GODFREY, Justice.

The defendant, Edward Campbell, appeals from the dismissal of his motion to reconsider the denial of his motion for a new trial by the Superior Court, Penobscot County. The denial of the original motion for a new trial was upheld by this Court in *State v. Campbell,* Me., 423 A.2d 952 (1980). We affirm the dismissal of the motion to reconsider.

By a jury verdict in 1977, the defendant was convicted of burglary and theft while armed with a deadly weapon. He did not appeal and completed a sentence of imprisonment and probation in 1978. In 1979 he filed a motion for a new trial based on a claim of newly discovered evidence. After the denial of that motion was affirmed by this Court in *State v. Campbell, supra,* in 1980, he filed a motion to reconsider that denial on October 9, 1981, claiming additional newly discovered evidence.

A motion for a new trial is governed by M.R.Crim.P. 33, which provides, in pertinent part:

The court on motion of the defendant may grant a new trial to him if required in the interest of justice. If the trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct entry of a new judgment.

A motion for a new trial based on any ground other than newly discovered evidence shall be made within ten days after verdict or finding of guilty or within such further time as the court may fix during the ten-day period. A motion for a new trial based on the ground of newly discovered evidence may be made only before, or within two years after, final judgment.

The defendant's original motion for a new trial was made within the time limit of Rule 33. The motion to reconsider was made more than two years after final judgment.

In *State v. Fernald,* Me., 248 A.2d 754 (1968), we held that a motion to amend a motion for a new trial, made beyond the time limit of Rule 33 and after the original motion had been denied, was in fact an entirely new motion for a new trial and barred by the Rule. The Court said:

Defendant's attempt to give his new motion vitality by labeling it a motion to

amend a previous motion which had been heard and denied must fail. It was, in fact, an entirely new motion filed long after the Court's power to grant it had ended.

*State v. Fernald,* 248 A.2d at 761.

No reason appears for treating the motion for reconsideration in this case differently from the motion to amend in *Fernald.* The instant motion essentially seeks a new trial, based on evidence alleged to have been discovered since the filing of the original motion for a new trial. The defendant, by filing a motion for reconsideration instead of a new motion for a new trial, hopes to avoid the two-year limit of Rule 33. Where the end sought by this procedure is the same as that of a time-barred motion for a new trial, Rule 33 would be violated in fact if the court were to consider the motion on its merits.

The entry is:

Judgment affirmed.

All concurring.