STATE of Maine

v.

Matthew CLARK.

Supreme Judicial Court of Maine.
Argued Nov. 15, 1984.
Decided March 7, 1985.

Patricia Worth, Asst. Dist. Atty. (orally), Rockland, for plaintiff.

Robert Marks (orally), Coopers Mills, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

ROBERTS, Justice.

Matthew Clark appeals from his convictions on three counts of unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (1983) in Superior Court, Knox County. On appeal, Clark contends that the trial court erred in (1) denying his pretrial motion to remove counsel and appoint new counsel; (2) accepting testimony from child witnesses whose competency to testify had not been established; and (3) denying his motion for new trial based on ineffective assistance of counsel. We affirm the judgments.

On June 7, 1983, a Grand Jury indicted Matthew Clark on five counts of unlawful sexual contact. Counsel was appointed and Clark entered a plea of not guilty to each count. The case was ultimately scheduled for jury trial on January 10–12, 1984. On January 9, 1984, Clark filed a motion for removal of counsel and appointment of new counsel, as well as a motion to continue. The motion for removal of counsel was denied without prejudice with the notation that it could be renewed if trial was not reached that week or if substitute counsel would be ready without further delay. The motion was never renewed. After a jury-waived trial on February 6 and 7, 1984, Clark was found guilty on three counts of unlawful sexual contact. On July 2, 1984, Clark filed a motion for new trial, alleging ineffective assistance of trial counsel, and on August 3, 1984, the Superior Court denied the motion.

## I.

Clark's case was scheduled for trial during the period January 10–12, 1984. On January 9, 1984, Clark, acting *pro se*, filed

two motions: one to continue, and one seeking removal of his then counsel and appointment of new counsel. In his motions, Clark asserted that his counsel had not spent an appropriate amount of time with him in trial preparation. He asked for the appointment of a different attorney, named in his motion, and for a continuance from the trial session of January 10–12 in order that the proposed attorney might prepare his case. By letter, the proposed attorney indicated that he would accept an appointment, although he would be vacationing until after February 13, and unavailable for trial before that time.

The presiding justice denied Clark's motion without prejudice and told him that if the proposed attorney would assume the defense in accordance with the schedule providing for trial that week, he would reconsider the motion to remove and appoint new counsel. He also said that if the case did not reach trial as scheduled, the court would reconsider the matter upon renewal of the motion. The presiding justice noted that the case had been continued the previous December, and that Clark's counsel had indicated that he was ready for trial. The case was not reached during the January 10–12 session and was rescheduled for trial during the period February 6–9, 1984. Clark, however, did not renew his motion for appointment of new counsel, nor did he move for a continuance.

Clark argues that the court abused its discretion, denied him his right to effective assistance of counsel, and denied him due process when it did not inquire into the details of his claim that his attorney had not expended sufficient time in pretrial preparation. Although we do not approve of the court's failure to inquire into the details of Clark's complaint concerning the effectiveness of counsel, we feel that any error was harmless and did not affect Clark's substantial rights.[1] M.R.Crim.P. 52(a). The presiding justice told Clark that

---

1. We distinguish the court's failure to inquire in the case before us from the court's failure in *State v. Weese*, 424 A.2d 705 (1981). *Weese*

involved an obvious conflict between the interests of co-defendants represented by the same attorney. *See Weese*, 424 A.2d at 711 n. 8.

if his case were not reached for trial during the week of January 9, the motions could be raised again for reconsideration. The record indicates that Clark had ample time to renew his motion, especially since the matter did not come to trial until February 6, nearly four weeks after the earlier trial date.

## II.

Clark argues that it was the court's responsibility prior to the offer of any substantive evidence to determine through *voir dire* conducted by counsel or by the court, as a preliminary matter, that each child witness understood the difference between truth and falsity and therefore was competent to testify. He argues that good judicial procedure would have the court address this issue *prior to the offer of any* substantive evidence.

■ Because Clark did not raise the issue below, the standard of review is whether the trial justice committed obvious error affecting substantial rights. M.R. Crim.P. 52(b); *State v. Crocker*, 435 A.2d 58 (Me.1981). Although the court conducted no preliminary determination of competency, the record demonstrates that each child presented himself as a competent witness. Each displayed an ability to understand questions and replied intelligently, and each was candid when unable to answer a question or when memory failed. Further, the presiding justice had the opportunity to evaluate their competence as he watched and listened during each boy's

testimony. We find no obvious error in the circumstances of this nonjury case.

## III.

■ Clark asserts that the Superior Court erred in denying his motion for new trial based on ineffective assistance of counsel. The essence of his argument is that M.R.Crim.P. 33 authorizes the granting of a new trial "if required in the interest of justice" [2] where ineffective assistance of counsel is demonstrated "beyond the possibility of rational disagreement" to the presiding justice.[3] We do not reach the question whether ineffective assistance of counsel may be raised on a motion for new trial, however, because Clark's motion was not timely. M.R.Crim.P. 33 allows only 10 days after verdict or finding of guilty for filing the motion unless *during* that 10-day period the court allows more time. The court found Clark guilty on February 7, 1984, and there was no action taken with respect to a motion for new trial or enlargement of time to file such a motion until substantially beyond February 17.

The entry is:

Judgments affirmed.

All concurring.

---

**2.** M.R.Crim.P. 33 provides in pertinent part:
   The court on motion of the defendant may grant a new trial to him if required in the interest of justice. If the trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct entry of a new judgment.
   A motion for a new trial based on any ground other than newly discovered evidence shall be made within ten days after verdict or finding of guilty or within such further time as the court may fix during the ten-day period.

**3.** In *State v. Clements*, 431 A.2d 67 (Me.1981), we stated:
   We have consistently and repeatedly refused to review claims of ineffective assistance of counsel on *direct appeal*, except in cases where the appeal record shows beyond the possibility of rational disagreement that defendant was inadequately represented, leaving defendant to seek relief through post-conviction proceedings.
   *Id.* at 69 (emphasis in the original); *see also State v. Gilcott*, 420 A.2d 1238, 1240 (Me.1980).