**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DARREN CHARLES BLUEMEL,

     Petitioner - Appellant,

v.

ALFRED BIGELOW,

     Respondent - Appellee.

No. 15-4046
(D.C. No. 2:13-CV-00945-TC)
(D. Utah)

_____

**ORDER DENYING A CERTIFICATE OF
APPEALABILITY AND DISMISSING THE APPEAL**
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Mr. Darren Bluemel pleaded guilty to murder in state district court, and the court entered a judgment of conviction. He never attempted to withdraw his plea or appeal his sentence; instead, he filed three state petitions for post-conviction relief. Each time, the petition was dismissed. Mr. Bluemel then went to federal court, seeking a writ of habeas corpus. This petition was dismissed as untimely.

Mr. Bluemel then filed a second federal habeas petition, and the district court ordered dismissal. The court noted the need for appellate approval before Mr. Bluemel could file a second habeas petition, but declined to transfer the petition to our court because a second habeas action would be untimely. Mr. Bluemel wants to appeal.

**Request for a Certificate of Appealability**

To appeal, Mr. Bluemel needs a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). We can issue the certificate only if reasonable jurists could debate the correctness of the district court's ruling. *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). We conclude no reasonable jurist could debate the correctness of the district court's decision.

## I. Transfer or Dismissal of a Second Habeas Petition

This is Mr. Bluemel's second habeas petition on the same conviction. To file a second habeas petition, Mr. Bluemel needs authorization from our court. *In re Pickard,* 681 F.3d 1201, 1203 (10th Cir. 2012). The district court could have transferred the action to us "if it [was] in the interest of justice to do so." *Id.* (quoting *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam)). But transfers may be inappropriate when the action would be untimely. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). When a transfer would be futile, the district court can dismiss the action rather than transfer it to our court. *See id.*

## II. Timeliness

Federal habeas actions are subject to a one-year period of limitations, which ordinarily begins to run from the date that the conviction became final. 28 U.S.C. § 2244(d)(1)(A). Mr. Bluemel does not question the fact that he filed the second habeas petition more than a year after his conviction had become final.

Instead, he argues that his claim "relies on a new rule of constitutional law." *See* 28 U.S.C. § 2244(d)(1)(c); Appellant's Opening Br. at 1. We reject this argument.

A Supreme Court decision can affect the period of limitations when it newly recognizes a constitutional right that is made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Invoking this principle, Mr. Bluemel relies on two Supreme Court decisions issued in 2012: *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012), and *Maples v. Thomas*, __ U.S. __, 132 S. Ct. 912 (2012).

*Martinez* and *Maples* do not affect the limitations period because they did not newly recognize a constitutional right.[1] *See Pagan-San-Miguel v. United States*, 736 F.3d 44, 45 (1st Cir. 2013) (per curiam) (holding that *Martinez* did not announce a new rule of constitutional law); *Jones v. Ryan*, 733 F.3d 825, 843 (9th Cir. 2013) (holding that *Martinez* did not decide a new rule of constitutional law); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012) (stating that *Martinez* did not establish a new rule of constitutional law); *see also Sneed v. Shinseki*, 737 F.3d 719, 728 (Fed. Cir. 2013) (stating that the Supreme Court based its decision

---

[1]    In *Maples*, the Supreme Court held that an attorney's abandonment constituted cause, which allowed a habeas petitioner to avoid a procedural default. 132 S. Ct. at 927. And in *Martinez*, the Court held that ineffective assistance in post-conviction proceedings could constitute "cause" when the constitutional claim could not be presented in a direct appeal. 132 S. Ct. at 1320-21.

3

in *Maples* on equitable principles rather than the right to effective assistance of counsel).

Even if these decisions had newly recognized a constitutional right, the present action would have remained untimely because Mr. Bluemel brought this action more than a year after the Supreme Court had issued *Martinez* and *Maples*.

Because the present habeas action is untimely, no reasonable jurist could fault the district court for dismissing the action rather than transferring it to our court. As a result, we (1) decline to issue a certificate of appealability and (2) dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge