MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2017 ME 40
Docket:       Sag-16-5
Argued:       February 6, 2017
Decided:      March 7, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

OLLAND REESE

v.

STATE OF MAINE

MEAD, J.

[¶1]   Olland Reese appeals from a judgment of the trial court (Sagadahoc County, *Warren, J.*) dismissing Grounds 1-5 of his second petition for post-conviction review prior to the evidentiary hearing on the petition. Those grounds asserted that Reese's counsel in his first petition for post-conviction review, which was denied in 2009, was ineffective. The court concluded that Maine law does not permit a second petition to challenge the effectiveness of counsel who represented a petitioner in a prior petition, and that the United States Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), whatever its impact on that point of law may be, was not retroactive and therefore had no effect on Reese's first petition, which was denied more than two years before *Martinez* was decided.

2

[¶2]   Pursuant to M.R. App. P. 19, we granted a certificate of probable cause "limited to the issue" of "whether *Martinez v. Ryan . . .* provides [Reese] with the right to challenge the effectiveness of counsel in a post-conviction review proceeding."   Having considered that limited question, we affirm the judgment.[1]

## I.  FACTS AND PROCEDURE

[¶3]  This is the fourth time that Reese's case has been before us.  In 2005, we affirmed Reese's 2003 conviction for murdering a sixteen-year-old girl. *State v. Reese*, 2005 ME 87, ¶ 1, 877 A.2d 1090; *see State v. Reese*, 2013 ME 10, ¶ 1, 60 A.3d 1277.  In July 2009, we denied Reese's request for a certificate of probable cause after the trial court denied his first petition for post-conviction review.   *See Reese v. State*, No. CR-06-125, 2009 Me. Super. LEXIS 117 (Feb. 27, 2009).  In 2013, we affirmed the trial court's denial of Reese's motion for a new trial based on DNA evidence.  *Reese*, 2013 ME 10, ¶ 32, 60 A.3d 1277; *see State v. Reese*, No. CR-02-73, 2012 Me. Super. LEXIS 55 (March 14, 2012).

[¶4]   The case at bar began in January 2013 when Reese filed a second petition for post-conviction review, which, as later amended, asserted sixteen

---

[1]  Reese urges us to go beyond the effect of *Martinez v. Ryan*, 566 U.S. 1 (2012), and find such a right in the Maine Constitution.  That issue is not encompassed by the certificate of probable cause authorizing an appeal concerning a single discrete question, and we do not address it.

grounds, some related to the first petition and others to the motion for a new trial. Grounds 1-5 asserted that the attorney who represented Reese in his first petition was ineffective in several respects. The court dismissed those grounds after concluding that *Martinez* was not retroactive even if, *arguendo*, it announced a rule favorable to Reese. The court held an evidentiary hearing concerning four grounds that remained following the dismissal of Grounds 1-5 and other prehearing proceedings that are not at issue here. It denied the petition in a detailed order dated December 10, 2015. We granted Reese's request for a certificate of probable cause, subject to the single-issue limitation stated in the certificate.

## II. DISCUSSION

[¶5] By statute, subject to specified limitations,[2] post-conviction review is available for "review of a criminal judgment of this State or of a post-sentencing proceeding following the criminal judgment." 15 M.R.S. § 2124 (2016). Although an assertion of ineffective assistance of trial counsel is cognizable in a first petition for post-conviction review as a challenge to the

---

[2] *See* 15 M.R.S. §§ 2124, 2126, 2128, 2128-B (2016).

4

underlying criminal conviction,[3] we have long held that a claim of ineffective assistance of post-conviction counsel is not cognizable in a subsequent petition because "post-conviction review is not included within the definition of a post-sentencing proceeding." *McEachern v. State*, 456 A.2d 886, 890 (Me. 1983); *see* 15 M.R.S. § 2121(2) (2016). Accordingly, the trial court properly dismissed Grounds 1-5 of Reese's petition unless Reese persuades us that *Martinez* announced a new rule requiring a contrary result and that the rule applies retroactively to Reese's petition. He fails in that task because the Supreme Court declared explicitly that *Martinez* did not announce a new constitutional rule, but rather only narrowly qualified a doctrine of federal procedure as a matter of equity, and because the *Martinez* holding is not retroactive in any event.

[¶6] A new rule of constitutional criminal procedure is retroactively applied only if it "alters the range of conduct or the class of persons that the law punishes," or is "a watershed rule of criminal procedure." *Carmichael v. State*, 2007 ME 86, ¶ 18, 927 A.2d 1172 (quotation marks omitted). In *Martinez*, the Supreme Court noted that its decision in *Coleman v. Thompson*, 501 U.S. 722

---

[3] *See* 15 M.R.S. §§ 2122, 2124 (2016); *State v. Ali*, 2011 ME 122, ¶ 20, 32 A.3d 1019; *cf. McEachern v. State*, 456 A.2d 886, 890 (Me. 1983) (noting that in that case, "Petitioner does not argue, nor could he argue, that he is challenging the underlying criminal conviction.").

(1991), "left open . . . a question of constitutional law: whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 8. The Court said that when an appellate system—such as Maine's— "makes the initial-review collateral proceeding a prisoner's one and only appeal as to an ineffective-assistance claim,"[4] *id.* (quotation marks omitted), that circumstance "may justify an exception to the constitutional rule that there is no right to counsel in collateral proceedings," *id.* at 9.[5]

[¶7] However, contrary to Reese's assertion that "[i]n light of *Martinez*, *McEachern* must be reinterpreted to comport with due process and allow for the state review of ineffective post-conviction counsel," the *Martinez* Court was careful to explain that

> [t]his is not the case . . . to resolve whether that exception exists as a constitutional matter. The precise question here is whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a

---

[4] Our precedent establishes that "[w]e do not consider claims of ineffective assistance of counsel on direct appeal; such claims will only be considered after a certificate of probable cause has been issued following a hearing on a post-conviction petition." *Ali*, 2011 ME 122, ¶ 20, 32 A.3d 1019.

[5] In Maine, a petitioner who wishes to be represented in a post-conviction proceeding may retain counsel, or may have counsel appointed by establishing that he or she is indigent. 15 M.R.S. § 2129(1)(B) (2016); M.R.U. Crim. P. 69.

procedural default[6] in a federal habeas proceeding. . . . This opinion qualifies *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.

. . . .

Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 9, 17.

[¶8]  In reaching that holding, the Court took note of "the differences between a constitutional ruling and the equitable ruling of this case."  *Id.* at 16. Not surprisingly, the Circuit Courts of Appeal that have considered *Martinez* have uniformly held that it did not announce a new, retroactive rule of constitutional law.[7]

---

[6]  A federal habeas court is guided by "the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule."  *Martinez*, 566 U.S. at 9.

[7]  *See In re Hensley*, 836 F.3d 504, 507 (5th Cir. 2016) ("*Martinez* recognized a narrow, equitable exception to the procedural default doctrine . . . . That decision did not establish a new rule of constitutional law." (quotation marks omitted)); *In re Evans*, No. 15-1726, 2015 U.S. App. LEXIS 21525, at *1 (3d Cir. Apr. 30, 2015) ("[Petitioner's] reliance on *Martinez* . . . is unavailing because that case does not set forth a new rule of constitutional law."); *Griffin v. Sec'y, Fla. Dep't of Corr.*, 787 F.3d 1086, 1094 (11th Cir. 2015) ("*Martinez* . . . is not retroactively applicable."); *Bluemel v. Bigelow*, 613 F. App'x 698, 699 (10th Cir. 2015) ("*Martinez* . . . did not newly recognize a constitutional right."); *In re Paredes*, 587 F. App'x 805, 813 (5th Cir. 2014) ("[T]he Supreme Court has not made . . . *Martinez* . . . retroactive to cases on collateral review . . . ."); *Chavez v. Sec'y, Fla. Dep't of Corr.*,

[¶9] Given the Supreme Court's clear statement that *Martinez* announced a narrow equitable exception to a doctrine of federal procedure, not a new constitutional rule, and given the weight of authority holding that the *Martinez* exception is not retroactive in any event, we conclude that, although Reese will not be precluded from seeking habeas corpus review in the federal court, *Martinez* did not give Reese the right to challenge the effectiveness of post-conviction counsel in a subsequent post-conviction review petition. Accordingly, the trial court properly dismissed the grounds of Reese's second petition that attempted to mount such a challenge.

The entry is:

Judgment affirmed.

---

742 F.3d 940, 945 (11th Cir. 2014) (noting the "narrow scope" of the *Martinez* decision in creating an "equitable exception" to a rule of federal procedure); *Pagan-San Miguel v. United States*, 736 F.3d 44, 45 (1st Cir. 2013) (per curiam) ("We . . . join the circuits that have considered the question in holding that *Martinez* did not announce a new rule of constitutional law."); *Jones v. Ryan*, 733 F.3d 825, 843 & n.6 (9th Cir. 2013), *cert. denied*, --- U.S. ---, 134 S. Ct. 503 (2013) (declining to reach the question of whether *Martinez* is retroactive in stating that, "[T]he rule of *Martinez*, while new, is not a rule of constitutional law. Further, we have consistently recognized that *Martinez* was not a constitutional decision."); *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013) (stating that *Martinez* created an "equitable—as opposed to constitutional—exception" (quotation marks omitted)).

8

Christopher Northrop, Esq., and McKenzie Smith, Stud. Atty. (orally), Cumberland Legal Aid Clinic, Portland, for appellant Olland Reese

Janet T. Mills, Attorney General, and Donald W. Macomber, Asst. Atty. Gen. (orally) Office of the Attorney General, Augusta, for appellee State of Maine

Sagadahoc County Superior Court docket number CR-2013-21
FOR CLERK REFERENCE ONLY