MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2017 ME 176
Docket:      Aro-16-186
Argued:      May 11, 2017
Decided:     August 8, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

HORACE W. SALLEY III

v.

STATE OF MAINE

SAUFLEY, C.J.

[¶1]  Horace W. Salley III appeals from a judgment entered by the court (Aroostook County, *Hunter, J.*) denying his petition for post-conviction relief. Because, contrary to the court's conclusion, Salley did not waive his challenge to counsel's effectiveness regarding a specific witness's testimony at trial, we vacate the judgment and remand the matter for further consideration of that post-conviction issue.

## I.  BACKGROUND

[¶2]  In 2007, Salley was charged with gross sexual assault (Class A), 17-A M.R.S. § 253(1)(A) (2016); assault (Class D), 17-A M.R.S. § 207(1)(A) (2016); and tampering with a victim (Class B), 17-A M.R.S. § 454(1-B)(A)(1) (2016).  The State alleged that Salley had committed gross sexual assault and

assault against his wife in September, October, or November 2006. A jury trial was held over the course of three days in August 2008.

[¶3] During the trial, Salley's wife testified that, at one point, she had recanted; that is, she told others that she was lying about her report of Salley's assault and gross sexual assault. She testified that her recantation was not the truth and that it was motivated by two considerations: (1) she had been offered money in exchange for her refusal to testify against Salley, and (2) she was afraid of Salley and had their young child in her care.

[¶4] In the presentation of his defense, Salley's attorney called a Department of Health and Human Services caseworker as a witness. As the attorney later testified at the post-conviction hearing, his goal in calling this witness in Salley's defense was to demonstrate that only after the Department threatened Salley's wife with the termination of her parental rights did she "recant" her recantation and reassert her earlier statement that Salley had assaulted her. Salley's wife had testified that in January 2007, after she recanted her previous report of assault and sexual assault, the Department removed her infant child from her care pursuant to a preliminary protection order entered in a child protection proceeding. In examining the caseworker, Salley's trial counsel elicited testimony that a petition for termination of

parental rights to her older child was also filed sometime after December 1, 2006. In developing this testimony, Salley's trial counsel intended to convince the jury that Salley's wife was not a credible witness and that she had reasserted her accusations against him only to appease the Department.

[¶5] On cross-examination, the State inquired about the reasons for the Department's involvement with the mother as to the older child. The caseworker testified that the Department had alleged neglect on her part because she had allowed the child to have contact with Salley, who, due to his prior behavior and his criminal history, was considered to pose a risk to the child.

[¶6] The court stopped the questioning at that point, brought counsel to sidebar, and inquired about the propriety of exploring Salley's criminal history. Salley's counsel then objected to any hearsay. The court did not formally rule on the objection that was made in response to the court's questions at sidebar; Salley's counsel did not request a curative instruction or move for a mistrial; and no further questions on the subject were posed to the caseworker.

[¶7] The jury found Salley guilty of all three crimes, and a judgment of conviction was entered. With new counsel, Salley appealed from the

judgment, but he did not raise an argument that the court had erred in its response to the caseworker's testimony on cross-examination regarding Salley's criminal history and involvement with the Department. We affirmed the judgment in a memorandum of decision. *See State v. Salley*, Mem-09-193 (Dec. 1, 2009).

[¶8] On December 2, 2010, Salley filed a petition for post-conviction review. The petition, as later amended, challenged the effectiveness of both trial and appellate counsel. Pertinent to the matter before us, Salley argued that he had been deprived of the effective assistance of trial counsel because trial counsel "opened the door" to damaging evidence or failed to object to testimony elicited on cross-examination.

[¶9] After a hearing at which Salley, his trial counsel, and his appellate counsel testified, the court denied the petition for post-conviction relief. The court first declined to consider the effectiveness of trial counsel in reacting to the caseworker's testimony on cross-examination because the court viewed the issue as a claim of "[e]rror[] at the trial that . . . could have been raised on a direct appeal." 15 M.R.S. § 2128(1) (2016). The court found no ineffective assistance by trial counsel on the other items challenged by Salley, and it found that *appellate* counsel's decision not to challenge on appeal the court's

decisions regarding the caseworker's testimony was not objectively unreasonable and that there was no clear indication that Salley would have prevailed on appeal if counsel had raised the hearsay issue.

[¶10]   Salley timely petitioned for a certificate of probable cause authorizing appellate review of the post-conviction judgment.  We granted the petition only as to whether the court erred in its determination that Salley, by failing to raise the issue on appeal, had waived the claim of trial counsel's ineffectiveness in responding to the caseworker's answers on cross-examination.[1]  *See* 15 M.R.S. § 2131(1) (2016); M.R. App. P. 2, 19(a)(vi), (c), (f).

## II.  DISCUSSION

[¶11]   The post-conviction court determined that the "improperly admitted evidence [of Salley's criminal record] is a matter that could have been raised on appeal."  Relying on 15 M.R.S. § 2128(1), the court determined that the failure to raise the evidentiary issue on appeal constituted a waiver of

---

[1]   Accordingly, we do not disturb the post-conviction court's determination regarding the effectiveness of appellate counsel.  As the post-conviction court found, appellate counsel not unreasonably decided to forego an obvious error challenge because, given the trial court's cautious and appropriate raising of the issue regarding evidence of Salley's prior convictions, such a challenge would not likely succeed and could distract from or "water down" other appellate challenges.

6

the issue of trial counsel's effectiveness on that evidentiary issue for purposes of post-conviction review.

[¶12] The court correctly determined that section 2128 requires a petitioner for post-conviction review to "demonstrate that any ground of relief has not been waived." 15 M.R.S. § 2128 (2016); *see also Roberts v. State*, 2014 ME 125, ¶ 21, 103 A.3d 1031. The statute specifically provides, "Errors at the trial that have been or could have been raised on a direct appeal, whether or not such an appeal was taken, may not be raised in an action for post-conviction review under this chapter," with a limited exception not raised here. 15 M.R.S. § 2128(1).

[¶13] The court also correctly concluded that a person convicted of a crime may, in a direct appeal from a judgment, raise arguments that the court erred in admitting challenged evidence at trial. *See* 15 M.R.S. § 2115 (2016). For instance, a convicted person may appeal from a court decision regarding the admissibility of evidence, *see, e.g.*, *State v. Pillsbury*, 2017 ME 92, ¶¶ 15, 22-24, --- A.3d ---, or a decision denying a motion for a mistrial if unduly prejudicial evidence is erroneously put before the jury, *see, e.g.*, *State v. Butts*, 372 A.2d 1041, 1042 (Me. 1977). Appellate review on those issues addresses

asserted error on the part of the trial court. *See State v. Daluz*, 2016 ME 102, ¶ 60, 143 A.3d 800; *State v. Mair*, 670 A.2d 910, 911-12 (Me. 1996).

[¶14]   Unlike claims of error in court rulings, however, claims of ineffective assistance of counsel cannot be raised on direct appeal. *See Reese v. State*, 2017 ME 40, ¶ 6 n.4, 157 A.3d 215.   Because Salley could not have challenged the actions of *trial counsel* on direct appeal, he cannot have waived that claim for purposes of section 2128.  Thus, whether or not the *trial court's* actions were challenged on appeal, *trial counsel's* conduct and decisions may be challenged through an ineffective assistance claim in a post-conviction proceeding.  *See* U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Roberts*, 2014 ME 125, ¶ 21, 103 A.3d 1031.

[¶15]  Simply put, because ineffectiveness of counsel cannot be raised in a direct appeal, failure to do so cannot be deemed a waiver of such a claim. *See* 15 M.R.S. § 2128(1); *Reese*, 2017 ME 40, ¶ 6 n.4, 157 A.3d 215.   A post-conviction petitioner may raise the issue of trial counsel's effectiveness regarding a matter of evidence even if the argument that the court erred in ruling on an underlying evidentiary issue could have been, but was not, raised on appeal. *See Roberts*, 2014 ME 125, ¶ 21, 103 A.3d 1031.

[¶16]  Here, the issue before the court on post-conviction review was whether trial counsel was ineffective for failing to raise a timely objection or seek a curative instruction or a mistrial when the evidentiary issue arose. That issue—the effectiveness of trial counsel—could not have been raised on direct appeal, *see Reese*, 2017 ME 40, ¶ 6 n.4, 157 A.3d 215, and therefore had not been waived within the meaning of 15 M.R.S. § 2128(1) as an issue that "could have been raised on a direct appeal." *See also* U.S. Const. amend. VI; 15 M.R.S. § 2128-A (2016); *Strickland*, 466 U.S. at 686, 697-98; *Roberts*, 2014 ME 125, ¶ 21, 103 A.3d 1031.

[¶17]  Because the trial court, relying on the State's waiver theory, did not reach Salley's argument regarding trial counsel's ineffectiveness in responding to the testimony of the Department caseworker, we must remand for consideration of that claim.  It was for the post-conviction trial court to determine whether trial counsel's actions and strategic decisions fell below an objective standard of reasonableness and resulted in prejudice to Salley.  *See Middleton v. State*, 2015 ME 164, ¶ 12, 129 A.3d 962; *see also Strickland*, 466 U.S. at 689 (stating that "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy" (quotation marks omitted)).

[¶18]  Accordingly, we vacate the judgment and remand the matter for the court to consider the claim that trial counsel provided ineffective assistance with respect to the caseworker's testimony by determining whether trial counsel's performance was deficient, resulting in prejudice to Salley.  *See Middleton*, 2015 ME 164, ¶ 12, 129 A.3d 962.

The entry is:

> Judgment vacated.  Remanded for the court to consider the claim that trial counsel provided ineffective assistance with respect to the caseworker's testimony.

---

David Paris, Esq. (orally), Bath, for appellant Horace W. Salley III

Todd R. Collins, District Attorney (orally), Prosecutorial District 8, Caribou, for appellee State of Maine

Aroostook Superior Court docket number CR-2011-07
FOR CLERK REFERENCE ONLY