**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL DWIGHT NORWOOD,

Defendant - Appellant.

No. 07-6143

(W. D. Oklahoma)

(D.C. No. CR-06-180-1-F)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Michael Dwight Norwood entered a plea of guilty in the United States District Court for the Western District of Oklahoma to three counts of distribution of methamphetamine, *see* 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1). The methamphetamine counts were based on three controlled buys involving Mr. Norwood. The felon-in-possession count was based on a firearm found in his residence. The district

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court sentenced him to 360 months' imprisonment each on two distribution counts, life imprisonment on the third distribution count, and 120 months' imprisonment on the felon-in-possession-of-a-firearm count. Mr. Norwood appeals, arguing that the court based his sentences on testimony that lacked sufficient indicia of reliability. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

At the sentencing hearing, the government called ten witnesses, including an FBI agent, a former police detective, and eight former associates of Mr. Norwood's. Mr. Norwood's sole claim on appeal is that the district court should not have credited the testimony of five of his former associates. He points to their criminal pasts, including their drug use, and asserts that they could not be believed. But each testified under oath in the presence of the court and was subject to cross-examination.

We give the district court "great deference" when it makes findings based on the credibility of witnesses. *Gonzales v. Thomas*, 99 F.3d 978, 985 (10th Cir. 1996). "'[O]nly the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said.'" *Id.* (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985)). Even when the witnesses gave inconsistent testimony and had been involved in criminal activity, we will not reverse a jury's determination that a witness was credible unless the testimony "is unbelievable on its face, i.e.,

testimony as to facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature." *United States v. Mendez-Zamora*, 296 F.3d 1013, 1018 (10th Cir. 2002) (internal quotation marks and brackets omitted).

We therefore AFFIRM Mr. Norwood's sentence.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge