FILED
United States Court of Appeals
Tenth Circuit

**March 7, 2014**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL DWIGHT NORWOOD,

Defendant - Appellant.

No. 13-6276
(D.C. Nos. 5:06-CR-00180-F-1 and
5:09-CV-01063-F)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

Petitioner and Appellant, Michael Dwight Norwood, proceeding *pro se*, seeks a certificate of appealability ("COA") in order to appeal the denial of his Fed. R. Civ. P. 60(b) and 60(d) motions for relief from his sentence. Finding that, with respect to part of his petition, Mr. Norwood has failed to demonstrate that he is eligible for a COA, we deny him a COA. We affirm the denial of the remainder of his request.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

## BACKGROUND

On August 2, 2006, Mr. Norwood was charged by indictment with three counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The distribution counts stemmed from controlled buys involving Mr. Norwood on three different occasions. On October 10, 2006, the government filed an information pursuant to 21 U.S.C. § 851, in order to establish a prior felony drug conviction. On October 12, 2006, Mr. Norwood pled guilty to all counts of the indictment.

In preparation for sentencing under the United States Sentencing Commission, Guidelines Manual ("USSG"), the probation office prepared a presentence investigation report ("PSR"). Mr. Norwood filed objections to the PSR. The probation office prepared a revised PSR. The revised PSR stated that the base offense level under the Guidelines for counts 1 through 3 was 38, based upon the involvement of 360,700.02 kilograms of marijuana equivalent. This marijuana equivalent resulted from drug transactions involving Mr. Norwood and attributable to him as relevant conduct, which occurred between 1988 and 2006. The PSR added two points to his base offense level pursuant to USSG § 2D1.1(b)(1) on the basis that Mr. Norwood possessed a firearm during the commission of the offenses charged. Pursuant to USSG § 3B1.1(a), four points were added because Mr. Norwood was an organizer or leader of criminal activity

involving at least five participants.  This brought the adjusted offense level for the first three counts to 44.  The adjusted offense level for count 4 was also 44.  After subtracting two points for acceptance of responsibility, the total offense level was 42.  With a criminal history category of IV, the applicable advisory Guidelines sentencing range was 360 months to life imprisonment.

On March 7, 2007, acting *pro se*, Mr. Norwood asked the court via letter for a hearing in order to change his plea to not guilty.  Two days later (on March 9, 2007), Mr. Norwood filed a Withdrawal of Motion to Withdraw Guilty Plea.

On March 12, 2007, Mr. Norwood filed a sentence memorandum, which included objections to the revised PSR.  He specifically objected to the use of old relevant conduct to increase his sentence.  Mr. Norwood argued, *inter alia*, that he should be held accountable only for the methamphetamine charged in the indictment (320 kilograms of marijuana equivalent), and that his sentence should be ten years (the mandatory minimum for count 3).

The court held a sentencing hearing which spanned three days:  March 30, April 2 and April 6, 2007.  The government called ten witnesses.

On June 1, 2007, the court determined that, for sentencing purposes, Mr. Norwood was accountable for 74,660.34 kilograms of marijuana equivalent drugs (rather than the 360,700.02 kilograms urged by the government).  Nonetheless, Mr. Norwood's USSG base offense level remained at 38, and the court determined

that his total offense level was 42. The court sentenced Mr. Norwood to 360 months' imprisonment for counts 1 and 2; life imprisonment for count 3; and 120 months' imprisonment for count 4, all terms to run concurrently.

Shortly after judgment was entered on June 4, 2007, Mr. Norwood's counsel filed a motion seeking to withdraw as counsel. The court granted the motion and appointed another counsel for Mr. Norwood. New counsel filed a notice of appeal with our court. On appeal, new counsel raised one issue—that the trial court based Mr. Norwood's sentences on testimony that lacked indicia of reliability. On November 27, 2007, Mr. Norwood sent a letter to our court requesting that his counsel be removed, his appeal stopped, and new counsel appointed. On December 12, 2007, his counsel also sought leave to withdraw from representation.

On December 26, 2007, our court affirmed Mr. Norwood's sentence. United States v. Norwood, 259 Fed. Appx. 157 (10th Cir. 2007), cert. denied, 555 U.S. 934 (2008). We also appointed the Federal Public Defender to represent Mr. Norwood. New appellate counsel filed a motion seeking to raise new issues in a petition for rehearing. The new issues Mr. Norwood sought to raise were: (1) earlier drug transactions did not meet the definition of relevant conduct; (2) Mr. Norwood's sentence violated the Fifth Amendment because the "sentencing tail was wagging the substance dog of the offense"; and (3) Mr. Norwood's sentence was substantively unreasonable. Order at 4; R. Vol. 1 at

46. Our court granted the motion. We subsequently denied the petition for rehearing, with one judge stating that he would have granted the petition. Appellate counsel filed a petition for a writ of certiorari with the United States Supreme Court. The Court denied the petition. Norwood v. United States, 555 U.S. 934 (2008).

On September 28, 2009, Mr. Norwood filed a *pro se* motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, claiming ineffective assistance of counsel. The court denied the motion and declined to grant a COA. Mr. Norwood appealed, raising the following issues: (1) his plea was unknowing and involuntary because his attorney had miscalculated his possible sentence; (2) his attorney threatened him to induce him not to pursue his motion to withdraw his plea; (3) his attorney was ineffective at sentencing, in that he failed to argue that officers had engaged in unnecessary controlled buys just to increase his sentence, that uncharged drug transactions were improperly attributed to him in computing the drug quantity for offense level purposes, and that he was not eligible for a leadership-role enhancement; and (4) his appellate attorney was ineffective in failing to raise the drug-quantity and leadership enhancement arguments, in failing to argue that the court used the wrong standard of proof in finding sentencing facts, and in failing to argue that his sentence was substantively unreasonable. On June 26, 2012, we denied his application for a COA and dismissed his appeal. United States v. Norwood, 487 Fed. Appx. 431

(10th Cir.), <u>cert. denied</u>, 133 S. Ct. 585 (2012).  The Supreme Court denied his petition for a writ of certiorari.

Mr. Norwood then filed the instant petition, arguing that he is entitled, under Rule 60(b) and Rule 60(d), to relief from the district court's order denying his § 2255 motion.  He relies upon the Supreme Court's recent decision, <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012), which was issued after the district court denied his § 2255 motion.  He argued to the district court that, under <u>Martinez</u>, he was entitled to effective assistance of counsel during his § 2255 proceedings.  He argued that his § 2255 motion was denied because he lacked legal representation during that proceeding.  Had he had counsel, he argues, he would have succeeded.  He also argued he was entitled to relief from the district court's judgment based upon the recent Supreme Court decision in <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

The government responded that this motion was not a "true" Rule 60(b) and Rule 60(d) motion because Mr. Norwood was not seeking to challenge a procedural error or defect in the integrity of the § 2255 proceedings.  The government claimed that Mr. Norwood was simply seeking, in substance or effect, to assert or reassert a federal basis for relief from his underlying conviction.  Furthermore, the government argued that <u>Martinez</u> is inapplicable to this case and that neither <u>Martinez</u> nor <u>Frye</u> announced a new rule of constitutional law.

The district court denied Mr. Norwood's motion in part and dismissed it in part. It also denied his request for a COA. This request for a COA followed.

**DISCUSSION**

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); <u>id.</u> § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. <u>In re Cline</u>, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). While Mr. Norwood calls his motion a "60(b)" motion, we must first consider whether it is truly such a motion, in whole or in part, or, in reality, a second or successive § 2255 motion.

A 60(b) motion should be treated as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." <u>Spitznas v. Boone</u>, 464 F.3d 1213, 1215 (10th Cir. 2006); <u>see</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 532 (2005). "Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application . . . ; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such challenge does not itself lead

-7-

inextricably to a merits-based attack on the disposition of a prior habeas petition."

Spitznas, 464 F. 3d at 1216.

In this case, the district court treated part of Mr. Norwood's petition as a
second or successive § 2255 proceeding, and part as a true Rule 60(b) or 60(d)
motion (or at least, not a successive habeas petition). The court stated as follows:

> [T]he court concludes that defendant's motion, to the extent it
> contends that he was entitled to legal representation during the
> § 2255 proceedings, is not a successive § 2255 motion. It challenges
> the integrity of the § 2255 proceeding. It does not challenge the
> court's prior resolution of the § 2255 motion on the merits.
> Accordingly, the court will address defendant's arguments.
>
> Upon review, the court concludes that defendant is not entitled
> to any relief, under Rule 60(b) or Rule 60(d), from the court's order
> and judgment. Martinez does not entitle defendant to the assistance
> of counsel in § 2255 proceedings. As stated by the district court in
> Rivera, 2012 WL 6553600 *2, Martinez "simply cannot be read as
> having disturbed the long-standing rule that there is no right to
> counsel in section 2255 proceedings." Id. (quoting Pennsylvania v.
> Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners
> have a constitutional right to counsel when mounting collateral
> attacks upon their convictions.")); see also Barber, 2012 WL
> 3990243, *1 n.1 (rejecting, on a Rule 60(b) motion, a Martinez-based
> claim that defendant should have had counsel in § 2255 proceedings).

Order at 6; R. Vol. 1 at 48 (quoting Rivera v. United States, 2012 WL 6553600 *1
(E.D.N.Y. Dec. 14, 2012)). See Pagan-San Miguel v. United States, 736 F.3d 44,
45 (1st Cir. 2013) ("We also join the circuits that have considered the question in
holding that Martinez did not announce a new rule of constitutional law."); Jones
v. Ryan, 733 F.3d 825, 843 (9th Cir.) (citing cases), cert. denied, 134 S. Ct. 503
(2013); United States v. Barber, 2012 WL 3990243, *1 n.1 (W.D. Va. Sept. 10,

2012)); <u>United States v. Rodriguez-Rivera</u>, 2012 WL 2277784, *1 n.2 (D. Minn. June 18, 2012).

The district court concluded that the remaining part of Mr. Norwood's petition did present a second or successive § 2255 petition:

> The court concludes that defendant's motion, to the extent it contends that defendant's trial counsel rendered ineffective assistance of counsel, based upon the Supreme Court's ruling in <u>Frye</u>, is a successive § 2255 motion. The motion asserts or reasserts a challenge to defendant's underlying conviction.
>
> Before a defendant can proceed with a second or successive § 2255 motion, he is required to move in the Tenth Circuit for an order authorizing this court to consider the application. <u>See</u> 28 U.S.C. § 2244(b)(3)(A); 28 U.S. C. § 2255(h). Defendant has not received such authorization. This court therefore lacks jurisdiction to proceed with defendant's motion.
>
> The court is not required to transfer this second and successive § 2255 motion to the Tenth Circuit for a determination whether defendants should be allowed to proceed. In the instant case, the court concludes that a transfer would not be appropriate. The Tenth Circuit has previously determined that <u>Frye</u> does not constitute "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" and does not provide a basis for authorization of a second or successive petition. <u>In re Graham</u>, 714 F.3d 1181, 1182-83 (10th Cir. 2013). Therefore, instead of transferring defendant's § 2255 motion to the Tenth Circuit for authorization, the court shall dismiss the motion, to the extent it contends that trial counsel rendered ineffective assistance of counsel based upon <u>Frye</u>, for lack of jurisdiction.

Order at 6-7; R. Vol. 1 at 48-49.

We agree with the district court's analysis and treatment of Mr. Norwood's petition. Mr. Norwood seeks a COA from our court. To obtain a COA, he must

show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Mr. Norwood has failed to show entitlement to a COA. He has also failed to show any error in the district court's dismissal of that part of his petition which raised a valid Rule 60(b) argument. We accordingly deny his request for a COA and dismiss this matter in part, and, with respect to the remainder of his petition, we affirm the district court's denial of it. We also deny his motion for leave to proceed *in forma pauperis* because he has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised. Therefore, any unpaid fees are now due.

## CONCLUSION

For the foregoing reasons, we DENY a COA and DISMISS this matter in part, and we AFFIRM the denial of Mr. Norwood's motion for relief in the remainder.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge