**In re Terry Lynn KING, Movant.**

**No. 98–0551.**

United States Court of Appeals,
Sixth Circuit.

Submitted Feb. 5, 1999.

Decided Aug. 25, 1999.

Stephen M. Kissinger, Federal Defender Services, Knoxville, TN, for Movant.

Before: MARTIN, Chief Judge; MERRITT, KENNEDY, NELSON, RYAN, BOGGS, NORRIS, SUHRHEINRICH, SILER, BATCHELDER, DAUGHTREY, MOORE, COLE, CLAY, and GILMAN, Circuit Judges.

## OPINION

BOYCE F. MARTIN, JR., Chief Judge.

Congress has presented this court with yet another challenge in interpreting the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (codified, inter alia, at 28 U.S.C. § 2244 et seq.). Terry King, a Tennessee prisoner represented by counsel, sought permission from this court to file a second habeas corpus petition with the district court pursuant to 28 U.S.C. § 2244(b)(3)(A). A panel of this court concluded that King had not satisfied the requirements of § 2244(b)(2) and denied King permission to file his second petition. King has now filed a petition for rehearing en banc of the panel's decision. King argues that although § 2244(b)(3)(E) states that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari," he still may seek en banc review under § 2266(b)(5)(B)(i) because the statute makes a separate reference to petitions for rehearing and petitions for rehearing en banc. From this, King concludes that by not specifically prohibiting petitions for rehearing en banc under § 2244(b)(3)(E), Congress did not foreclose this relief. We disagree and hold that once a panel of this court grants or denies an individual permission to file a second or successive petition in the district court, § 2244(b)(3)(E) prohibits any party from seeking further review of the panel's decision, either from the original panel or from the en banc court.

King and co-defendant Randall Joe Sexton were indicted in 1983 for the first degree murder of Diana K. Smith in Knox County, Tennessee. Both men were subsequently indicted for the first degree murder, aggravated kidnaping, and armed robbery of Todd Lee Millard in Grainger County, Tennessee. As to the Grainger County charges, King pleaded guilty to first degree murder and aggravated kid-naping to avoid the death penalty. The armed robbery charge was dismissed. King received two concurrent life sentences, plus a five year enhancement for using a firearm during the commission of a felony. King was subsequently convicted on the Knox County charge and received the death penalty. The Grainger County convictions are the subject of this second petition.

After exhausting his state court remedies, King filed his first habeas corpus petition in the district court. King argued that his guilty plea to the Grainger County charges was not knowingly and voluntarily entered because he was not informed that his plea could be used as an aggravating circumstance in the Knox County murder case. The district court denied the petition, holding that the use of the plea as an aggravating circumstance in another case was a collateral consequence of the plea about which King did not need to be informed. On appeal, we affirmed the district court's order. See King v. Dutton, 17 F.3d 151 (6th Cir.), cert. denied, 512 U.S. 1222, 114 S.Ct. 2712, 129 L.Ed.2d 838 (1994).

King's current § 2244 motion alleges that his attorney was ineffective for thirty-one alleged errors. King raises twelve other claims separate from his ineffective assistance of counsel claim. Having reviewed the motion, a panel of the court concluded that King's arguments did not establish a prima facie case entitling him to have his petition filed in the district court. Therefore, the panel denied King's § 2244 motion. Unhappy with the panel's decision, King requests that the entire court now review his motion, asserting that the restrictions of § 2244(b)(3)(E) prohibit only rehearings by the original panel, not the en banc court.

Section 2244(b)(3)(E) states that the grant or denial of an authorization to file a second or successive habeas corpus petition "shall not be appealable." Further, it is "not subject to a petition for rehearing

or for a writ of certiorari." King feels that because "en banc rehearing" is not mentioned in the statute, that avenue of relief is still available.

A rehearing is still a rehearing. Whether reconsideration is by the same panel or by the entire court, a rehearing is still a second opportunity for an individual to present his arguments to the court. Any question on whether an en banc rehearing is available under § 2244(b)(3)(E) is foreclosed by the provision that the original panel's decision "shall not be appealable." If we were to permit an applicant to seek en banc review of a panel's decision denying his § 2244 motion, we would be allowing an appeal of the court's original decision, which is explicitly prohibited by statute. Our position is supported by our sister circuits who have likewise concluded that a decision under § 2244(b) is not subject to en banc consideration. *See Thompson v. Calderon*, 151 F.3d 918, 922 (9th Cir.), *cert. denied*, —— U.S. ——, 119 S.Ct. 3, 141 L.Ed.2d 765 (1998); *Triestman v. United States*, 124 F.3d 361, 367 (2d Cir.1997); *United States v. Lorentsen*, 106 F.3d 278, 279 (9th Cir. 1997); *Hatch v. Oklahoma*, 92 F.3d 1012, 1017 (10th Cir.1996) (per curiam).

King's belief that en banc relief is available is based on a footnote in a treatise by Professor James S. Liebman. In his book, Professor Liebman observed:

> The availability of rehearing en banc—either upon a party's "suggestion" or upon the court's sua sponte order—is unclear. In another section of AEDPA, Congress specifically refers to both suggestions of rehearing en banc and petitions for rehearing. *See id.* § 2266(b)(5)(B)(i). Given AEDPA's explicit reference to en banc rehearings when it intends to regulate them, the failure to mention them in the successive petition provisions appears intentional, not inadvertent. *See, e.g., Rodriguez v. United States*, 480 U.S. 522, 525, 107 S.Ct. 1391, 94 L.Ed.2d 533 (1987) (per curiam) (" ' "[W]here Congress includes

particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." ' ") (quoting *Russello v. United States*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983)). *See also Reno v. Koray*, 515 U.S. 50, 56–57, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) (statutory language in one provision of AEDPA should be construed " 'with reference to' " other provisions of Act (citation omitted)). To like effect is the presumption that statutory terms have their accepted " 'common-law meaning.' " *Evans v. United States*, 504 U.S. 255, 259, 284 n. 4, 112 S.Ct. 1881, 119 L.Ed.2d 57 (1992). As the Supreme Court recently noted, it is well established that "rehearing petitions" refer to pleadings different from "suggestions of rehearing en banc." *See Missouri v. Jenkins*, 495 U.S. 33, 46–47 & n. 14, 110 S.Ct. 1651, 109 L.Ed.2d 31 (1990). Taken together, these principles militate in favor of a conclusion that Congress intended the ban on "petition[s] for rehearing" to mean precisely that, and not to bar either suggestions of rehearing en banc or sua sponte orders to rehear the issue en banc. *See Thompson v. Calderon*, 151 F.3d 918, 922 (9th Cir.1998) (en banc) (statutory prohibition of "petition for rehearing" "does not preclude sua sponte review by an en banc court"). *See also Triestman v. United States, supra*, 124 F.3d at 367.

2 James S. Liebman and Randy Hertz, Federal Habeas Corpus Practice and Procedure § 28.3d, at 1194 n. 119 (3d ed.1998).

Section 2266 creates time limitations for the processing of § 2254 and § 2255 cases filed by prisoners under the sentence of death. 28 U.S.C. § 2266. Within that section, Congress specifically provided that a court of appeals shall decide whether "to grant a petition for rehearing or other requests for rehearing en banc" not later than thirty days after the petition for re-

hearing is filed, and such limitations shall apply to "any second or successive application for a writ of habeas corpus." 28 U.S.C. § 2266(c)(2)(B). Subsection (c)(1)(A) specifically addresses the appeal of a final determination by a district court concerning a § 2254 or § 2255 application. Even though subsection (c)(2)(B) could be interpreted as applying to an "application" to file a second or successive habeas corpus petition, subsection (c)(1)(A) is explicit that the time periods concern an appeal from a district court order. As a district court cannot address the merits of a second or successive habeas corpus petition until the court of appeals has authorized the filing of the petition under § 2244(b)(3), § 2244 and § 2266 are distinct. The provisions address two exclusive circumstances. This is unlike the statutes and rules interpreted by the Supreme Court in the cases cited by Professor Liebman in his treatise.

Contrary to King's position, nothing in the language of § 2244 and § 2266 suggests the existence of an "irreconcilable conflict." *See Rodriguez v. United States*, 480 U.S. 522, 524, 107 S.Ct. 1391, 94 L.Ed.2d 533 (1987) (per curiam). The provisions are quite sensible. Section 2244 addresses the procedure where a prisoner can seek permission to file a second or successive petition. In contrast, § 2266 applies only to death penalty cases and establishes the procedures in addressing § 2254 and § 2255 applications by both the district court and court of appeals. An individual seeking to file a second or successive habeas corpus petition must first satisfy the threshold requirements of § 2244, and be subject to a death penalty, before § 2266 can become applicable. It is a "fundamental principle of statutory construction (and indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used." *Reno v. Koray*, 515 U.S. 50, 56, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) (quoting *Deal v. United States*, 508 U.S. 129, 132, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993)). Because the provisions concern two entirely unrelated procedures, imposing the language of § 2266 on § 2244 defies not only the rules of statutory construction, but also logic.

We further note that King's position conflicts with the congressional intent of the statute. As the Supreme Court noted in *Felker v. Turpin*, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), the statute transfers from the district court to the court of appeals a screening process previously performed by the district court under Rule 9(b) of the Rules Governing § 2254 Cases in the United States District Courts. The statute codified some of the pre-existing limits on successive petitions and further restricted the relief available to habeas petitioners. The new restrictions constitute a modified res judicata rule, and restraint known as "an abuse of the writ." *Id.* To allow a rehearing or rehearing en banc of a panel's § 2244(b) decision would further perpetuate the continued review of habeas corpus claims by the federal courts, which was the very abuse the statute was designed to eliminate.

Accordingly, for the above stated reasons, the court will not entertain King's petition to rehear en banc the order denying his application to file a second habeas corpus petition in the district court. The petition is therefore dismissed. Given our decision today, the clerk of court is directed to return to any party petitions seeking a rehearing or rehearing en banc that challenge a panel's decision granting or denying a request under § 2244(b) to file a second or successive writ of habeas corpus in the district court.