# United States Court of Appeals
## For the First Circuit

No. 08-2425

EDWARD S. LYKUS,

Petitioner,

v.

MICHAEL CORSINI,
SUPERINTENDENT, BAY STATE CORRECTIONAL CENTER,

Respondent.

ON PETITION FOR REHEARING
AND REHEARING EN BANC

Before

Lynch, Chief Judge,
Torruella, Boudin, Lipez and Howard,
Circuit Judges.

Edward S. Lykus pro se on petition for panel rehearing and
rehearing en banc.

April 28, 2009

**Per Curiam**.  After a panel of this court denied the petitioner's application for leave to file a second or successive petition for habeas corpus relief, he filed a petition for rehearing or rehearing en banc of that denial.  For the reasons discussed below, the petition is stricken.

The habeas statute provides that "[t]he . . . denial of an authorization to file a second or successive application . . . shall not be the subject of a petition for rehearing."  28 U.S.C. § 2244(b)(3)(E).  Although the statute does not expressly refer to petitions for rehearing en banc, we join several other circuits in construing that provision to preclude not only petitions for panel rehearing but also petitions or suggestions for rehearing en banc. See In re King, 190 F.3d 479, 481 (6th Cir. 1999); United States v. Lorentsen, 106 F.3d 278, 279 (9th Cir. 1997); Hatch v. Oklahoma, 92 F.3d 1012, 1017 (10th Cir. 1996), overruled on other grds., Daniels v. United States, 254 F.3d 1180 (10th Cir. 2001).  Cf. In re Byrd, 269 F.3d 585, 585 (6th Cir. 2001) (en banc) (court may order rehearing en banc sua sponte); Thompson v. Calderon, 151 F.3d 918, 922 (9th Cir. 1998) (en banc) (same).

Accordingly, the petition for rehearing or rehearing en banc is stricken.  The "Motion That No Immediate Action Be Taken On His Petition for Hearing or Rehearing En Banc" is denied in light of Petitioner's January 12, 2009 letter to this court.