# United States Court of Appeals
## For the First Circuit

No. 13-1343

CARLOS PÁGAN-SAN MIGUEL,

Petitioner,

v.

UNITED STATES,

Respondent.

APPLICATION FOR LEAVE TO FILE A SECOND OR
SUCCESSIVE MOTION PURSUANT TO 28 U.S.C. § 2255

Before

Howard, Thompson and Kayatta,
<u>Circuit Judges</u>.

<u>Carlos Págan-San Miguel</u> pro se.
<u>Rosa Emilia Rodríguez-Vélez</u>, United States Attorney, and
<u>Nelson Pérez-Sosa</u>, Assistant U.S. Attorney.

November 20, 2013

**Per Curiam**.  Petitioner Carlos Pagan-San-Miguel seeks leave to file a second or successive petition under 28 U.S.C. § 2255.  He relies upon the Supreme Court's recent decisions in <u>Missouri</u> v. <u>Frye</u>, 132 S.Ct. 1399 (2012), and <u>Lafler</u> v. <u>Cooper</u>, 132 S.Ct. 1376 (2012), and upon <u>Martinez</u> v. <u>Ryan</u>, 132 S. Ct. 1309 (2012), and <u>Trevino</u> v. <u>Thaler</u>, 133 S.Ct. 1911 (2013).  However, none of those cases  establishes a "new rule of constitutional law, made retroactive to cases on collateral review," as 28 U.S.C. § 2255(h)(2) requires.

We agree with every other circuit to have considered the issue that neither <u>Frye</u> nor <u>Cooper</u> established a "new rule of constitutional law." <u>See</u> <u>In re Liddell</u>, 722 F.3d 737, 738 (6th Cir. 2013)(per curiam)(citing cases).  As the Seventh Circuit pointed out, "the Court's language repeatedly and clearly spoke of applying an established rule to the present facts" and both cases were "decided in the post-conviction context, where state courts ordinarily are not held to proper application of *new* rules." <u>Hare</u> v. <u>United States</u>, 688 F.3d 878, 879 (7th Cir. 2012).  "The Supreme Court in both cases merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in <u>Strickland</u> v. <u>Washington</u>, 466 U.S. 668, 686 (1984), and established in the plea-bargaining context in <u>Hill</u> v. <u>Lockhart</u>, 474 U.S. 52 (1985)." <u>Buenrostro</u> v. <u>United States</u>, 697 F.3d 1137, 1140 (9th Cir. 2012).

-2-

We also join the circuits that have considered the question in holding that <u>Martinez</u> did not announce a new rule of constitutional law. <u>See</u> <u>Jones</u> v. <u>Ryan</u>, ___ F.3d ___, 2013 WL 5676467, *14 (9th Cir.)(citing cases), <u>cert. denied</u> 2013 WL 5733725 (2013). As the Ninth Circuit explained, "<u>Martinez</u> 'qualifie[d] <u>Coleman</u> by recognizing a narrow exception' to that case's rule," and the Court itself "characterized its decision in <u>Martinez</u> as an 'equitable ruling,' and not a 'constitutional' one." <u>Id.</u>; <u>see</u> also <u>Adams</u> v. <u>Thaler</u>, 679 F.3d 312, 323 n.6 (5th Cir. 2012)(same). Therefore, petitioner's reliance upon <u>Martinez</u> and <u>Trevino</u> v. <u>Thaler</u>, <u>supra</u>, (applying <u>Martinez</u> exception where a state's procedural framework "makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal") is unavailing.

Petitioner's application for leave to file a second or successive motion pursuant to 28 U.S.C. § 2255 is <u>denied</u>.[1]

---

[1]"Th[is] . . . denial of an authorization . . . to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E); <u>see</u> <u>Lykus</u> v. <u>Corsini</u>, 565 F.3d 1 (1st Cir. 2009).