**Angel M. SANCHEZ, Petitioner,**

**v.**

**Superintendent Daniel BURNS, et al., Respondent.**

**Civil Action No. 13–1699.**

United States District Court, E.D. Pennsylvania.

Signed May 22, 2014.

Filed May 27, 2014.

Angel M. Sanchez, Marienville, PA, pro se.

John W. Goldsborough, District Attorney's Office, Philadelphia, PA, for Respondent.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Petitioner Angel Sanchez is a prisoner incarcerated at the State Correctional In-

stitution in Marienville, Pennsylvania. Sanchez has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Carol Sandra Moore Wells for a Report and Recommendation, to which Sanchez has filed objections. For the reasons set forth below, the Court will approve and adopt the Report and Recommendation, overrule Sanchez's objections, and deny the petition with prejudice, without an evidentiary hearing.

## I. BACKGROUND

Sanchez was tried and convicted in 2001 of first-degree murder, carrying firearms on a public street, possessing instruments of a crime, and recklessly endangering another person. He received a mandatory life sentence for the murder conviction, as well as concurrent sentences of one to five years' imprisonment on each of the remaining charges. On appeal, the Pennsylvania Superior Court affirmed Sanchez's judgment of sentence. Sanchez then sought timely relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), but his petition was denied and he did not appeal.

On May 1, 2012, Sanchez filed a second PCRA petition, asserting that his trial counsel was ineffective for failing to properly advise him regarding a pre-trial guilty plea offer. The PCRA court dismissed that petition as untimely on August 23, 2013. Sanchez filed an appeal, which is still pending in the Pennsylvania Superior Court.

With his second PCRA petition still pending, Sanchez filed the instant petition for federal habeas relief. The matter was referred to Magistrate Judge Carol Sandra Moore Wells, who issued a Report and Recommendation on January 15, 2014. According to Magistrate Judge Wells, Sanchez asserts in his petition that his trial counsel was ineffective for three reasons: (1) failing to impeach the Commonwealth's witness; (2) failing to present exculpatory evidence; and (3) providing erroneous advice regarding the Commonwealth's pretrial negotiated guilty plea offer. Magistrate Judge Wells recommends that the Court dismiss the petition in its entirety as untimely. Sanchez has filed objections to that recommendation, and the matter is now ripe for resolution.

## II. LEGAL STANDARD

The Court undertakes a *de novo* review of the portions of the Report and Recommendation to which a party has objected. *See* 28 U.S.C. § 636(b)(1); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir.1998). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d)(1). That period begins to run from the latest of the following four possible dates: (1) "the date on which the judgment became final;" (2) the date on which an unlawful state-created impediment to filing an application is removed; (3) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*

## III. DISCUSSION

█ In his objections, Sanchez clarifies that he is only asserting one ground for

relief: that he was denied effective assistance of counsel due to his counsel's erroneous advice to reject a pre-trial plea offer. Therefore, to the extent that Sanchez originally sought to bring the two additional grounds for relief identified by Magistrate Judge Wells, the Court considers those grounds to be withdrawn.

Sanchez's primary substantive objection to the Report and Recommendation is that Magistrate Judge Wells erred in concluding that his petition is untimely. According to Sanchez, his application for habeas corpus relief is timely because it was filed within one year of the Supreme Court's decision in *Lafler v. Cooper,* — U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). In order for Sanchez's application to be considered timely on that basis, *Lafler v. Cooper* must have "newly recognized" a constitutional right and that right must be "retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Magistrate Judge Wells concluded that *Lafler* did not announce a new constitutional right that applies retroactively, and Sanchez contends that conclusion is erroneous.

█ In *Lafler,* the Supreme Court addressed how to apply the "prejudice" prong of *Strickland v. Washington* when ineffective assistance of counsel "results in a rejection of [a] plea offer and the defendant is convicted at the ensuing trial." 132 S.Ct. at 1384 (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The Court had previously evaluated whether the improvident *acceptance* of a guilty plea could satisfy *Strickland,* and it held that a petitioner can demonstrate prejudice in such a situation by showing "that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." *Id.* at 1384–85 (quoting *Hill v.*

*Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)) (alteration omitted). In *Lafler,* the Court expanded upon that holding, concluding that, when a defendant improvidently *rejects* a plea and goes to trial, he can establish prejudice by showing "that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court ..., that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id.* at 1385.

The Court agrees with Magistrate Judge Wells that *Lafler v. Cooper* did not recognize a new constitutional right. Although the Third Circuit has not yet directly addressed this issue, almost every other circuit has done so, and they have uniformly reached the conclusion that *Lafler* did not announce a new rule, but instead was "merely an application of the Sixth Amendment right to counsel, as defined in *Strickland,* to a specific factual context." *In re Perez,* 682 F.3d 930, 932 (11th Cir.2012); *see also Pagan–San Miguel v. United States,* 736 F.3d 44 (1st Cir.2013); *In re Liddell,* 722 F.3d 737 (6th Cir.2013); *In re Graham,* 714 F.3d 1181 (10th Cir.2013); *Gallagher v. United States,* 711 F.3d 315 (2d Cir.2013); *Williams v. United States,* 705 F.3d 293 (8th Cir.2013); *In re King,* 697 F.3d 1189 (5th Cir.2012); *Buenrostro v. United States,* 697 F.3d 1137 (9th Cir.2012); *Hare v. United States,* 688 F.3d 878 (7th Cir. 2012). As many of those cases explain, the Supreme Court in *Lafler* "repeatedly and clearly spoke of applying an established rule to the present facts," and the case was "decided in the post-conviction context, where state courts ordinarily are not held to proper application of *new* rules." *Pagan–San Miguel,* 736 F.3d at 45 (quoting

*Hare,* 688 F.3d at 879) (emphasis in original).

That analysis is further reinforced by the fact that, even before the Supreme Court's opinion in *Lafler,* the Third Circuit recognized that counsel can be constitutionally ineffective for failing to properly advise a defendant during plea negotiations, such that the defendant mistakenly goes to trial. *See United States v. Booth,* 432 F.3d 542, 546–47 (3d Cir.2005). In *Booth,* the court applied *Strickland* in a federal habeas corpus case addressing counsel's failure to inform defendant that he could enter an "open" guilty plea, which resulted in the defendant proceeding to trial and being convicted. Applying existing case law, the court determined that the defendant could establish prejudice by demonstrating that "but for his trial attorney's alleged ineffectiveness, he would have likely received a lower sentence." *Id.* at 546–47 (citing *Hill,* 474 U.S. at 58, 106 S.Ct. 366). Thus, well before the Supreme Court decided *Lafler,* the Third Circuit reached essentially the same conclusion based upon existing precedent, suggesting that—at least in this circuit—*Lafler* did not announce a "new" rule.

In light of that precedent, the Court concludes that *Lafler* did not recognize a new constitutional right. Accordingly, a new one-year limitation period did not begin to run as of the date of that decision, and Sanchez's request for relief is untimely.[1]

## IV. CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Wells's Report and Recommendation, overrule Petitioner's objections, and dismiss Petitioner's application with prejudice. An appropriate order follows.

### ORDER

**AND NOW,** this **22nd** day of **May, 2014,** after review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells (ECF No. 20) and Petitioner's objections thereto (ECF No. 25), and for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** as follows:

(1) The Report and Recommendation is **APPROVED** and **ADOPTED;**

(2) Petitioner's Objections to the Report and Recommendation are **OVERRULED;**

(3) The Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE;**

(4) A certificate of appealability shall not issue; and

(5) The Clerk shall mark this case **CLOSED.**

**AND IT IS SO ORDERED.**

### *REPORT AND RECOMMENDATION*

January 15, 2014.

CAROL SANDRA MOORE WELLS, United States Chief Magistrate Judge.

Presently before this court is a Petition for a Writ of Habeas Corpus filed, *pro se,* pursuant to 28 U.S.C. § 2254. Angel M. Sanchez ("Petitioner") is currently serving a life sentence at the State Correctional Institution located in Marienville, Pennsylvania. Petitioner seeks habeas relief based on ineffective assistance of counsel

---

1. For the same reason, the Court agrees that Sanchez's federal habeas proceedings should not be stayed pending exhaustion of this claim in state court. Sanchez's unexhausted *Lafler* claim is not meritorious, and so he is not entitled to the "stay and abey" procedure provided for in *Rhines v. Weber,* 544 U.S. 269, 275–76, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

and a new constitutional law. The Honorable Eduardo Robreno referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons set forth below, it is recommended that Petitioner's untimely petition be DISMISSED, without an evidentiary hearing.

## I. BACKGROUND AND PROCEDURAL HISTORY [1]

The Court of Common Pleas summarized the facts leading to Petitioner's arrest and conviction as follows:

On June 10, 1998, at about 6:30 P.M., one Anibal Lugo a/k/a "Tito" was shot to death by [Petitioner] over a dispute about money. The incident was witnessed by several individuals including Mr. Carlos Rodriguez, Mr. Christian Beltle, Mr. Elliot Velez, Ms. Linda Mansi and [Petitioner's] son, Joel Escudero.

In summary, at the time of the shooting [Petitioner] and decedent had been in a dispute for two weeks over money both men said the other owed him. The matter came to a head on the day of the incident when the men again began arguing about the money. During the argument, the decedent allegedly pushed young Escudero to the ground and then threatened to kill him, his brother and [Petitioner] with his truck.

After having made this threat, the decedent began walking to his truck at which time [Petitioner] removed a handgun from his waistband and fired two shots at the decedent who immediately fled on foot. [Petitioner], however, instead of letting him leave, gave chase and fired another shot at him. Then,

when the decedent fell, [Petitioner] while standing over him and while the decedent was begging [Petitioner] not to kill him, fired two more shots at the decedent.

An autopsy performed upon the body of the revealed that the decedent died as a result of injuries caused by two gunshots to his lower back.

*Commonwealth v. Sanchez,* No. 0631, slip op. at 1–2 (Ct. Com. Pl. Phila. County June 26, 2001); Commonwealth Exhibit ("Comm. Ex.") A at 1–2. Petitioner was convicted of first-degree murder, carrying firearms on a public street, possessing instruments of a crime and recklessly endangering another person. *Id.* at 1. He received a mandatory life sentence for the murder conviction and concurrent sentences of one to five years of imprisonment on each of the remaining charges. *Id.*

On May 6, 2002, the Pennsylvania Superior Court affirmed Petitioner's judgment of sentence. *Commonwealth v. Sanchez,* No. 2636 EDA 2000, slip op. at 1–3 (Pa.Super.Ct. May 6, 2002); Comm. Ex. A. Petitioner did not seek *allocatur.* Resp. at 3.

On May 5, 2003, Petitioner's counsel sought relief under the Post Conviction Relief Act, ("PCRA"), 42 Pa. Cons.Stat. Ann. §§ 9541–46. Resp. at 3. On June 24, 2004, the PCRA court dismissed the petition as lacking in merit. *Id.* Petitioner did not appeal. *Id.* Next, on May 1, 2012, Petitioner filed a second, *pro se,* PCRA petition asserting that his trial counsel was ineffective when providing advice regarding the Commonwealth's pretrial negotiated guilty plea offer. Comm. Ex. B. at 8–10. Petitioner asserts that this successive PCRA petition is timely, because a new

---

1. The facts set forth herein were gleaned from Petitioner's Habeas Corpus Petition ("Pet."), Petitioner's Reply to Respondent's Response to Petition for Writ of Habeas Corpus and Motion to Stay ("Pet'r Reply"), and the Commonwealth's Response to Petition for Writ of Habeas Corpus ("Resp."), inclusive of all exhibits thereto.

rule of criminal procedure announced in *Lafler v. Cooper,* —— U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) triggered a time-bar exception that is retroactively applicable to his collateral appeal.[2] *See* Comm. Ex. B. at 9–12. However, on June 19, 2013, the PCRA court issued a Notice of Intent to Dismiss per Pa. R.Crim. P. 907. Resp. 5. Petitioner was transferred to a different prison and did not receive the court's notice that his second PCRA petition would ultimately be dismissed. *Id.* On July 30, 2013, the PCRA court re-issued its Notice of Intent to Dismiss, Comm. Ex. C., and, on August 23, 2013, actually dismissed Petitioner's second petition as untimely and without merit. *See* Philadelphia County Court of Common Pleas Docket, (CP–51–CR–0806311–1998).[3] Petitioner's appeal of the PCRA court's dismissal remains pending in the Pennsylvania Superior Court. *Id.* at 1.[4]

While his second PCRA action was still pending, on March 20, 2013,[5] Petitioner filed the instant petition for federal habeas relief pursuant to 28 U.S.C. § 2254. Pet. at 16.[6] He asserts that his trial counsel was ineffective for: (1) failing to impeach the Commonwealth's witness; (2) failing to present exculpatory evidence; and (3) providing erroneous advice regarding the Commonwealth's pretrial negotiated guilty

2. . Petitioner relied upon *Teague v. Lane,* 489 U.S. 288, 316, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) to assert that the rule in *Lafler v. Cooper* should be applied retroactively. Comm. Ex. B at 12.

3. Information regarding Petitioner's second PCRA petition was obtained from Petitioner's criminal docket in CP–51–CR–0806311–1998, available online at http://pacourts.us (accessed on January 6, 2014).

4. On November 14, 2013, the Pennsylvania Superior Court ordered Petitioner to file a concise statement of errors complained of on appeal within thirty (30) days, pursuant to Pa.R.A.P.1925(b). The Philadelphia County

plea offer. Pet. at 17. Also, Petitioner asserts that his second PCRA petition is timely and properly filed based upon *Lafler's* new and retroactive rule of criminal procedure. Pet. at 14. Petitioner further requests that this court stay his federal petition pending review of his second PCRA petition. Pet. at 21–23. The Commonwealth contends that all of Petitioner's claims should be dismissed as untimely. Resp. at 5–10. This court agrees.

## II. DISCUSSION

### A. *The AEDPA Period of Limitation*

■ On April 24, 1996, AEDPA was enacted, imposing a one year period of limitations ("AEDPA year") for filing habeas corpus petitions. *See* 28 U.S.C. § 2254(d)(1). The AEDPA year begins to run on the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

Court of Common Pleas docket does not indicate that Petitioner has complied with the court's order. *Id.* at 6.

5. Inasmuch as Petitioner is a *pro se* inmate, his habeas petition must be deemed filed on the date he submitted it to prison officials for mailing. *See Burns v. Morton,* 134 F.3d 109, 113 (3d Cir.1998). Since Petitioner executed the petition on March 20, 2013, *see* Pet. at 16, this court will assume that he delivered it to prison officials, for mailing, on that date.

6. The court employs the pagination the Clerk of this Court imposed when it scanned the habeas petition for purposes of electronic filing.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The Third Circuit has held that the starting date for the habeas period of limitations must be determined separately for each cognizable claim contained in the petition. *See Fielder v. Varner*, 379 F.3d 113, 117–18 (3d Cir.2004).

### B. *Petitioner's Claims are Time–Barred—Grounds One and Two*

The Pennsylvania Superior Court affirmed Petitioner's conviction and sentence on May 6, 2002. Comm. Ex. A. Petitioner did not seek *allocatur,* thus, his conviction became final on or about June 5, 2002, the date his ability to seek discretionary review in the Pennsylvania Supreme Court expired. *See Morris v. Horn,* 187 F.3d 333, 337 n. 1 (3d Cir.1999); Pa. R.App. P. 1113. Accordingly, Petitioner had until June 5, 2003 to present Grounds One and Two. The current habeas petition was not filed until March 20, 2013, almost a decade after the lapse of his AEDPA deadline. Thus, absent statutory or equitable tolling, Grounds One and Two must be dismissed as untimely.

### 1. *Statutory Tolling Does Not Save Petitioner's Late Filing*

If, prior to the expiration of his AEDPA year, Petitioner timely sought collateral review, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner's first PCRA petition, filed on May 5, 2003, tolled his AEDPA year, with approximately thirty (30) days remaining. His first PCRA petition was properly filed, reviewed and dismissed by the PCRA court on June 24, 2004.[7] The pending PCRA petition expanded Petitioner's AEDPA year until August 23, 2004, at which time his AEDPA year concluded. Petitioner filed the instant habeas petition more than eight (8) years too late.

 Petitioner's untimely PCRA petition, filed on May 1, 2012, could not toll his AEDPA year. *See Pace v. DiGuglielmo,* 544 U.S. 408, 413–17, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Thus, statutory tolling does not save this habeas filing.

### 2. *Petitioner is Not Entitled to Equitable Tolling*

 Under limited circumstances, the AEDPA period of limitation under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). To be entitled to equitable tolling, a petitioner must demonstrate " '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way and prevented timely filing.' " *Id.* at 2562 (citing *Pace,* 544 U.S. at 418, 125 S.Ct. 1807); *see also Miller v. N.J. State Dep't of Corrections,* 145 F.3d 616, 618–19 (3d Cir. 1998) ("we observe that equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when Petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.' 'Peti-

---

7. Petitioner did not appeal the PCRA court's dismissal.

tioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'" ") (citations omitted). These extraordinary circumstances must be more than "'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline." *Holland,* 130 S.Ct. at 2563.

■ Counsel's unprofessional conduct, in certain circumstances, can amount to extraordinary circumstances sufficient to warrant an extension of a petitioner's AEDPA year. *Id.* at 2564–65. Consistent with these principles, Petitioner, a non-death penalty inmate, is required to establish *both* extraordinary circumstances and reasonable diligence. *Merritt v. Blaine,* 326 F.3d 157, 169–70 (3d Cir.2003).

■ Petitioner is ineligible for equitable tolling. He has not advanced any valid reasons for the nine-year delay. It is not alleged that any governmental entity or physical or mental challenge prevented him from filing within the AEDPA time period. Nor has Petitioner convinced this court that he was reasonably diligent in pursuing this claim. Thus, a rigid application of the statute is not unfair. *Fahy v. Horn,* 240 F.3d 239, 245 (3d Cir.2001).

In summation, Petitioner offered no time-bar exception on statutory tolling grounds, inasmuch as his second PCRA petition was dismissed as untimely. Furthermore, equitable tolling is unavailable; hence, Petitioner's habeas petition should be dismissed as time-barred.

### C. *Petitioner is Not Entitled to An Alternative AEDPA Start Date– Ground Three* [8]

Petitioner in his third claim, in reliance upon the Supreme Court's decision in *La-*

*fler. v. Cooper,* urges application of an alternative AEDPA year start date under Section 2244(d)(1)(C). Pet. at 14–15. The Commonwealth argues that Petitioner is ineligible for relief under *Lafler,* because the case's holding does not (1) create a "new" constitutional rule and (2) has no retroactive applicability. Resp. at 6–8.

The Court in *Lafler* examined how to apply the prejudice prong of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to guilty pleas. Defense counsel in *Lafler* was deficient and rendered ineffective assistance for advising his client to reject a plea offer on the ground that the defendant could not be convicted at trial and the defendant was ultimately convicted at trial. 132 S.Ct. at 1384.

■ Under *Strickland,* to demonstrate constitutionally ineffective assistance of counsel, Petitioner must satisfy a two-pronged federal constitutional standard. First, he must demonstrate that counsel's performance was so deficient as to fall below an objective standard of "reasonableness under prevailing professional norms." *Id.* at 688, 104 S.Ct. 2052. If counsel's performance was substandard, Petitioner must further establish that the inadequate representation prejudiced his defense. *Id.* To demonstrate prejudice the petitioner must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695, 104 S.Ct. 2052. Should Petitioner fail to satisfy either prong of *Strickland,* his claim necessarily fails, rendering inquiry into the remaining prong unnecessary. *See id.* at 697, 104 S.Ct. 2052. The Court in *Lafler* applied the prejudice prong of the *Strick-*

---

**8.** Petitioner has neither alleged nor asserted facts that justify application of an alternative AEDPA start date under Section

2244(d)(1)(B), hence, as this Court will commence its alternate AEDPA start date analysis with consideration of Section 2244(d)(1)(C).

*land* test in a situation in which defense counsel's representation had already been deemed deficient and the merits of the claim was dependent upon the prejudice prong of the *Strickland* test as it related to the defendant's rejection of a guilty plea. *See* 132 S.Ct. at 1384–1385.

The Court did not announce a "new" constitutional rule in *Lafler*, but, rather, applied its existing *Strickland* test to a guilty plea challenge. Thus, Petitioner is not entitled to an alternative start-date. Since *Lafler* does not recognize a "new" constitutional right that applies retroactively,[9] § 2244(d)(1)(C) is inapplicable.

### D. Petitioner's Habeas Proceedings Should Not Be Stayed By This Court

Petitioner has requested a stay of his current federal proceedings so that he can exhaust his *Lafler* ineffective assistance of counsel claim presented in Ground Three of his habeas petition. Pet. at 18–20. Petitioner's case does not warrant issuing a stay.

In limited circumstances a federal court may "stay and abey" consideration of a federal habeas petition while a petitioner exhausts his claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 275–76, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). The Court explained a three-part test for the "stay and abeyance" process to be analyzed: (1) petitioner demonstrates "good cause" for failure to exhaust his claims in state court; (2) the unexhausted claims are meritorious; and (3) petitioner has not engaged in abusive litigation tactics or intentional delay. *Id.* at 277–78, 125 S.Ct. 1528.

Petitioner herein fails to demonstrate that his unexhausted claims are meritorious to warrant his federal petition to be stayed. *See id.* Petitioner argues that his counsel rendered ineffective assistance by failing to communicate a pre-trial plea deal that was offered to him by the Commonwealth that would have resulted in a lesser sentence than he received. Pet. at 17. He claims that prior to trial the Commonwealth approached his trial counsel regarding a guilty plea in exchange for a sentence to third degree murder that would result in Petitioner serving eighty (80) percent of his maximum sentence before he would be eligible for parole. Pet. at 17–18. Petitioner has not produced any evidence regarding the merits of this claim or the alleged advice his trial counsel provided him. However, the facts of Petitioner's case indicate that he killed the victim, point blank, in the presence of several eye witnesses. *See* Comm. Ex. A at 1–2. Petitioner's conduct warranted his conviction of first degree murder and, after a bench trial, he was convicted of first degree murder and sentenced to life imprisonment. Petitioner has failed to provide any evidence to support his assertion that his trial counsel was deficient and his claim is meritorious. Thus, Petitioner's motion should be denied because he cannot meet the requirements to warrant a stay of his federal proceedings. *See Rhines*, 544 U.S. at 275–76, 125 S.Ct. 1528.

### III. CONCLUSION

Petitioner's claims are time-barred and he has not demonstrated that statutory or

9. The Third Circuit has yet to address this issue. Other circuit courts have held that *Lafler* did not announce a new constitutional rule and does not apply retroactively to cases on collateral review. *See e.g., Gallagher v. U.S.*, 711 F.3d 315, 315–316 (2d Cir.2013); *In re King*, 697 F.3d 1189, 1189 (5th Cir.2012); *In re Perez*, 682 F.3d 930, 933 (11th Cir.2012).

The courts in this district have addressed this issue and reached the same determination. *See Campos v. Varano*, 2013 WL 1796972 (E.D.Pa., April 26, 2013) (Surrick, J.); *Brown v. Kerestes*, 2013 WL 444672, *2–3 (E.D.Pa., Feb. 6, 2013) (Dalzell, J.). This court agrees with the rationales and holdings of these courts.

equitable tolling would render his habeas petition reviewable. Reasonable jurists would not debate the appropriateness of the court's procedural disposition of his claims, therefore, a certificate of appealability should not issue. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Accordingly, I make the following:

## RECOMMENDATION

AND NOW, this 15th of January, 2014, for reasons detailed in the preceding report, it is hereby RECOMMENDED that Petitioner's time-barred claims be DISMISSED, without an evidentiary hearing. Petitioner has not met the statutory or equitable tolling requirements to overcome AEDPA's time bar and entitle him to a decision on the merits. Furthermore he has not demonstrated a valid reason to stay federal court proceedings. Moreover, Petitioner has not established that any reasonable jurist could find this procedural ruling flawed. Therefore, a certificate of appealability should not be issued.

Petitioner may file objections to this Report and Recommendation within fourteen (14) days of being served a copy of it. *See* Local R. Civ. P. 72.1(IV). Failure to file objections may constitute a waiver of any appellate rights.

It be so **ORDERED.**