# United States Court of Appeals
## For the First Circuit

No. 13-2418

ANTHONY BUCCI,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Torruella, Lynch, and Thompson,
Circuit Judges.

Inga L. Parsons for appellant.
Randall E. Kromm, Assistant United States Attorney, with whom
Carmen M. Ortiz, United States Attorney, was on brief, for
appellee.

December 21, 2015

**LYNCH**, **Circuit Judge**.  Anthony Bucci is a convicted drug trafficker, now incarcerated and serving a sentence of more than eighteen years.  He appeals the district court's October 29, 2013, denial of his 28 U.S.C. § 2255 petition, which claimed ineffective assistance of counsel by his trial counsel.[1]  Because the petition does not meet the requirements that Congress set out for a second or successive § 2255 petition to be heard, we affirm the denial.

## I.

The facts underlying Bucci's conviction are detailed in previous published opinions.  See Bucci v. United States, 662 F.3d 18, 20-21 (1st Cir. 2011); United States v. Bucci, 525 F.3d 116, 121-25 (1st Cir. 2008).

On April 12, 2006, Bucci was convicted by a jury of conspiracy to distribute, and to possess with intent to distribute, cocaine; possession of cocaine with intent to distribute; and using or carrying a firearm during and in relation to a drug trafficking crime.  Bucci was sentenced to 252 months in prison, of which 168 months were for the drug charges and a consecutive term of 84

---

[1]     Although § 2255 uses the term "motion" rather than "petition," we use the term "petition" throughout this opinion "as it is more commonly used to describe the process by which a prisoner seeks post-conviction relief."  Sustache-Rivera v. United States, 221 F.3d 8, 10 n.2 (1st Cir. 2000).

months was for the firearm charge.[2]  This court affirmed on direct appeal.  Bucci, 525 F.3d at 134.

On May 12, 2009, Bucci filed a first § 2255 petition, arguing that there had been an improper courtroom closure in violation of the Sixth Amendment, prosecutorial misconduct, and ineffective assistance of counsel for failure to produce a promised witness at trial and for failure to object to the consecutive sentence.  The district court denied his petition.  Bucci v. United States, 677 F. Supp. 2d 406, 420 (D. Mass. 2009).  This court affirmed the denial of Bucci's petition.  Bucci, 662 F.3d at 40.

On June 18, 2013, Bucci filed a second motion captioned as a § 2255 petition, arguing that new testimony elicited from his trial counsel during his co-conspirator's habeas proceedings showed that Bucci's first § 2255 petition had been improperly denied.  The district court denied the motion.  The district court suggested that the filing should actually have been a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) because it attacked the outcome of the prior § 2255 proceeding rather than the validity of the conviction.  It held that the motion did not meet the standards required of either a Rule 60(b) motion or a second or successive § 2255 petition.  We summarily

---

[2]    On December 11, 2015, the district court reduced Bucci's sentence to a total of 219 months in response to Bucci's motion under 18 U.S.C. § 3582(c)(2) for reduction of sentence.

affirmed.  <u>Bucci</u> v. <u>United States</u>, No. 13-2108 (1st Cir. Apr. 13, 2015).

The § 2255 petition at issue in this appeal was filed on October 28, 2013.  Bucci bases his petition on what he claims is newly discovered evidence that his trial counsel failed to pursue a plea bargain despite Bucci's request that he do so.[3]

The precise facts alleged in support of the claim are not necessary to this opinion.  It suffices that Bucci claims to have asked his trial counsel multiple times to engage in plea negotiations and that trial counsel reported to him that he did so but without success.  Years later, in 2012, trial counsel allegedly admitted that he did not actually attempt plea negotiations because he felt the effort not worthwhile.  Bucci claims that this constituted a violation of his Sixth Amendment right to counsel.

On October 29, 2013, the day after the petition was filed, the district court sua sponte denied the petition on various grounds, including untimeliness.  The district court also issued a certificate of appealability on Bucci's claims.  This appeal followed.

---

[3]    There is no question that this is a different basis for allegedly ineffective assistance of counsel than the bases that Bucci argued in his first § 2255 petition.

- 4 -

II.

A federal prisoner seeking to file a second or successive § 2255 petition must first obtain authorization from the court of appeals to do so.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h); see also Felker v. Turpin, 518 U.S. 651, 657 (1996); Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008).  Such authorization is available only when the second or successive petition is based either on (1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court.  28 U.S.C. § 2255(h).

"We have interpreted this provision as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'"  Trenkler, 536 F.3d at 96 (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)).  When faced with a second or successive § 2255 petition that has not been authorized by the court of appeals, a district court must either dismiss the petition or transfer it to the court of appeals.  Id. at 98.

The § 2255 petition here is plainly a second or successive petition.  It was the third motion filed by Bucci that was captioned as a § 2255 petition.  Even if the second motion had been in substance a Rule 60(b) motion rather than a § 2255 petition, the current petition would still be Bucci's second § 2255 petition.  Because Bucci never received authorization from the

- 5 -

court of appeals to file the petition, the district court did not have jurisdiction, and the district court was required to deny or transfer the petition.[4]

We have discretion to construe an appeal of a district court's denial of an unauthorized § 2255 petition as an application to us for authorization to file. United States v. Barrett, 178 F.3d 34, 42 (1st Cir. 1999); Pratt, 129 F.3d at 58. Construing this appeal as an application for authorization to file a second or successive § 2255 petition, we find that neither § 2255(h) requirement is met and the attempt fails.

There is no claim made, nor could one be honestly made, that the new evidence would be "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). Bucci only offers evidence to show, at most, ineffective assistance of counsel as to an effort at plea bargaining. He does not make a claim of innocence.

Nor does Bucci's claim involve the retroactive application of a new rule of constitutional law. Id. § 2255(h)(2).

---

[4] Bucci claims that the district court did not treat the motion as a second or successive § 2255 petition. Bucci also claims that by not objecting to such treatment by the district court, the government waived the argument that the motion was a second or successive § 2255 petition.

Whether Bucci is correct or not, that does not prevent us from treating his petition as a second or successive § 2255 petition. This issue is jurisdictional.

Bucci cites a number of Supreme Court cases to support the point that plea negotiation is a critical phase of a criminal proceeding that falls under the Sixth Amendment right to counsel. Missouri v. Frye, 132 S. Ct. 1399 (2012); Lafler v. Cooper, 132 S. Ct. 1376 (2012); Padilla v. Kentucky, 559 U.S. 356 (2010). But the notion that plea bargaining falls within the scope of the Sixth Amendment right to counsel was not a new rule in those cases. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985) (recognizing right to effective assistance of counsel during plea process); White v. Maryland, 373 U.S. 59, 60 (1963) (per curiam) (same); Págan-San Miguel v. United States, 736 F.3d 44, 45 (1st Cir. 2013) (per curiam) (holding that Frye and Lafler did not establish new rules of constitutional law). This appeal, even if understood as an application for authorization to file a second or successive § 2255 petition, must be denied.

Bucci attempts to avoid the gatekeeping provisions in § 2255(h) by claiming that this is not a "second or successive" petition at all, but rather one that should be considered an initial petition. He relies on the notion that "[n]ot every literally second or successive § 2255 petition is second or successive for purposes of AEDPA [the Antiterrorism and Effective Death Penalty Act of 1996]." Sustache-Rivera v. United States, 221 F.3d 8, 12 (1st Cir. 2000); see also Slack v. McDaniel, 529 U.S. 473, 486 (2000) (describing the phrase "second or successive

petition" as "a term of art"). To be sure, courts have identified a number of situations in which a later-in-time petition is considered a first petition, not a "second or successive" one. See, e.g., Slack, 529 U.S. at 485–86 (when prior petition was not adjudicated on its merits and dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643–45 (1998) (when claim was previously dismissed for being premature); Raineri v. United States, 233 F.3d 96, 100 (1st Cir. 2000) ("when a district court, acting sua sponte, converts a post-conviction motion filed under some other statute or rule into a section 2255 petition without notice and an opportunity to be heard").

Bucci argues that similarly, we should forgo a literal reading of "second or successive" whenever a petitioner arguably raises a claim that could not have been raised in a prior habeas petition. We have already rejected such reasoning.

Such a narrow reading of "second or successive" would run counter to "the clear intent of Congress that stricter standards apply under AEDPA and that the pre-clearance process be streamlined." Sustache-Rivera, 221 F.3d at 13 (quoting Barrett, 178 F.3d at 48 n.8). Through § 2255, as amended by AEDPA, Congress recognized that "cases might arise where, through no fault of the defendant, a ground for collateral attack was unavailable at the time of the first motion." Jamison v. United States, 244 F.3d 44,

47 (1st Cir. 2001). Congress provided a second opportunity for collateral relief for two kinds of petitions: those that bring forth new evidence proving innocence and those that rely on new and retroactively applicable constitutional rules. Id. (citing 28 U.S.C. § 2255(h)). "It is implicit in this scheme that collateral attack claims not within the two categories are meant to be barred." Id.

To expand second or successive § 2255 petitions beyond that, as Bucci requests, would undercut congressional intent. Felker, 518 U.S. at 664 (recognizing that "judgments about the proper scope of the writ are 'normally for Congress to make'" (quoting Lonchar v. Thomas, 517 U.S. 314, 323 (1996))); Rodwell v. Pepe, 324 F.3d 66, 72 (1st Cir. 2003) (recognizing that AEDPA's "stringent filters . . . though harsh, dovetail[] with Congress's intent" and suggesting that "any complaint about the inadequacy of the mechanisms available . . . must be addressed to the Congress, not to the courts"). In § 2255(h)(1), Congress expressly recognized the existence of situations in which newly discovered evidence might justify a second or successive petition. Congress chose to allow such a petition only when the evidence would prove the prisoner's innocence. It would render this express limitation a nullity to allow, as Bucci seeks, prisoners to bring newly discovered evidence claims unrelated to innocence in second or

successive petitions by construing such motions as first petitions.

Bucci's petition is a second or successive petition that does not meet either of the § 2255(h) requirements. We need not reach the government's arguments that we could also affirm on the bases that the petition was untimely under § 2255(f)(4) or that the petition did not state a meritorious claim on the merits.

III.

We affirm.